[L. A. No. 13888. In Bank.—October 11, 1932.]

JOHN W. YOUNG et al., Petitioners, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

Paul W. Schenck and A. G. Fickeisen for Petitioners.

Robert H. Dunlap, Thomas S. Bunn, and George R. Larwill for Respondents.

Gibson, Dunn & Crutcher, Woodward M. Taylor and Hugh K. McKevitt, as *Amici Curiae*.

SHENK, J.—This is an application for a writ of prohibition to restrain the respondent superior court and judge thereof from taking further proceedings in an action in condemnation pending before said court entitled, "*County of Kern, Plaintiff*, v. *Marie T. Ackerman et al., Defendants* (No. 25454)". This petition was originally filed on July 9, 1932, in the District Court of Appeal, Fourth Appellate District. An alternative writ and a petition for rehearing were denied by that court, without opinion. A petition for hearing in this court was granted and an alternative writ was issued returnable on December 6, 1932, at Los Angeles. The respondents applied for an advancement of the cause to the September Los Angeles calendar. The respondents duly noticed a motion to dismiss the application on the ground that the same presented issues which had become moot. In the meantime the petitioners on September 22d, filed in this court a petition for a writ of review to annul certain action theretofore taken by the respondents in ordering immediate possession by the condemnor in the eminent domain proceedings. On September 26th, at the Los Angeles session of the court, the motion to advance the prohibition matter was granted. The motion to dismiss that proceeding was denied. The writ of review was ordered returnable in five days. The return has been filed and that proceeding will be disposed of by separate order.

The proceeding of which the action in condemnation is a part was and is taken under the Acquisition and Improvement Act of 1925. (Stats. 1925, p. 849.) The proceeding contemplates the acquisition of property for and the improvement of what is called Golden State Avenue. The land sought to be condemned lies wholly within the

county of Kern and partly within and partly without the city of Bakersfield. The part without the city is in unincorporated territory and is 1.45 miles in length. The improvement is to form a portion of a state highway laid and established as such by the state highway commission on May 28, 1931. Pursuant to the plan of the state highway commission the department of public works has prepared plans and specifications for the construction of the highway which runs into and through the city of Bakersfield and over the lands sought to be condemned. The proposed work will constitute a link in one of the major highways of the state. The Golden State highway is referred to as a co-operative highway project toward which the state has allocated in excess of $1,000,000. The county of Kern has set apart from its general funds the sum of $117,000 for the purpose of the acquisition of these particular lands and an additional sum of $10,000 has been or is to be expended by the county for engineering and other costs of the proceeding. As a portion of the contemplated improvement a bridge is to be constructed across the Kern River and the department of public works has advertised for bids for such bridge construction. The Golden State highway through Bakersfield, including the construction of said bridge, is a portion of the federal aid system of highways within this state and the appropriation therefor by an emergency measure of the last Congress is available provided the work is completed before June 30, 1933.

On August 4, 1931, the board of supervisors of Kern County adopted a resolution of intention declaring that the public interest, convenience and necessity required and that it was the intention of said board to order the acquisitions specifically enumerated in the resolution and incorporated in the complaint in condemnation, and that said proceedings would be under and in accordance with the Acquisition and Improvement Act of 1925. An assessment district called "Acquisition and Improvement District No. 3", was laid out and established to pay the costs of the acquisitions not provided for by the federal, state and county appropriations. Protests were filed on behalf of the owners of 5.67 per cent of the area of the district. Hearings were had by the board of supervisors as provided for by the act. The protests were overruled and on August 31, 1931, the

board adopted a final resolution ordering said acquisitions. Prior thereto the city council of the city of Bakersfield, by resolution, consented to the acquisition of land within the city. It was determined to issue bonds on the property within the district sufficient to pay the balance of the amount required by the court to be deposited in the condemnation proceeding so that an order of immediate possession could be made.

Thereafter, on December 21, 1931, the action in condemnation was filed in the respondent court wherein 186 parcels of land and interests therein are sought to be condemned. The parcel owners, more than 250 in number, were made parties defendant. The petitioners herein are the owners of one of said parcels situated within said district and within the city of Bakersfield. A demurrer to the complaint filed by them was overruled. They failed to answer and their defaults were entered. Thereafter the respondent court, on June 6, 1932, entered an order permitting the plaintiff in said action to take immediate possession of the property upon depositing in court a sum of money reasonably adequate to secure to the owners of the property sought to be condemned, compensation for the property taken and damages incident thereto. The court determined that the sum of $234,946 would be adequate for such purposes and specifically set forth in the order the amount estimated to be adequate for each parcel of land and interest therein. As above stated, the county of Kern advanced from its general funds the sum of $117,000 as approximately one-half of the required deposit. The balance of $117,946 was raised by the issue and sale of bonds to be paid by special assessments on the lands in the district. Upon the deposit in court an order was made on July 20, 1932, entitling the county of Kern to take immediate possession of the property for the purposes specified in the complaint in condemnation.

On January 14, 1932, the petitioners herein filed in the District Court of Appeal of the Fourth Appellate District an application for a writ of prohibition directed against the respondent court, alleging the same matters set forth in the present petition except that it was alleged that the application for immediate possession would be made upon making the required deposit in court and praying that the

respondent court be restrained from making the contemplated order. On the day of its filing the petition was denied without opinion. No petition for rehearing was filed and the order of denial became final within sixty days. The same contentions were advanced in said petition as in the present proceeding, and it was on this state of the record that the respondents moved for a dismissal of the present proceeding on the ground that the matter had become moot. There was much force in the claim of the respondents that the petitioners are foreclosed from again litigating the same questions. However, the motion was denied in order that the court might give consideration to the claims of the petitioners on the merits.

There is no contention that the provisions of the Acquisition and Improvement Act of 1925 were not strictly complied with. But it is urged that the acquisition of the property for the opening of said street is a "municipal affair" in so far as such acquisition applies to property located within the city of Bakersfield.

On the fifth day of May, 1914, a board of freeholders was elected in the city of Bakersfield to prepare and propose a charter for said city pursuant to section 8 of article XI of the Constitution. At a special election held on November 7, 1914, the proposed charter was adopted by the electors of the city and on January 23, 1915, the charter was approved by the legislature. It is insisted that by the charter provisions and particularly section 12 of article III the city accepted the offer contained in section 8 of article XI of the Constitution as amended at the general election held on November 3, 1914, permitting cities to remove themselves from the operation of general laws as to municipal affairs by incorporating in their charters a general provision to that effect. The contention presents an interesting question, inasmuch as the charter was ratified by the electors of the city four days after the constitutional provision became a part of the organic law. But in any view of the case now presented, the contemplated acquisition and improvement cannot be deemed a matter of purely municipal concern. As above outlined, the improvement is to be a part of the state highway system designed and constructed in part under the supervision of the department of public works of the state. It is located both within and without

the city of Bakersfield. It is to be financed from federal, state and county funds with the remainder from special assessment on the property within and without the city specially benefited. As such it is of more than local concern, the general law is controlling and the county of Kern, having instituted the proceeding, is the mandatory of the state to carry it forward to completion. (*Allied Amusement Co.* v. *Byram*, 201 Cal. 316 [256 Pac. 1097]; *County of Los Angeles* v. *Hunt*, 198 Cal. 753 [247 Pac. 897]; *Stege* v. *City of Richmond*, 194 Cal. 305 [228 Pac. 461]; *Gadd* v. *McGuire*, 69 Cal. App. 347 [231 Pac. 754].)

There is no merit in the contention that the consent to the jurisdiction of the county as evidenced by the resolution of the city council of the city of Bakersfield is an unlawful delegation of power by the city to the county. (See *Gadd* v. *McGuire, supra.*)

It is further insisted that the title of the act of 1925 is insufficient to authorize the incorporation in the act of the power to take immediate possession upon order of court. But this power is not derived from the statute. It is in the Constitution. (Sec. 14, art. I.) Section 28 of the act merely repeats the constitutional provision and no mention of it was necessary in the title.

No other points require discussion. The peremptory writ is denied and the alternative writ is discharged.

Waste, C. J., Tyler, J., *pro tem.*, Seawell, J., Langdon, J., Preston, J., and Curtis, J., concurred.