[Civ. No. 1068. Fourth Appellate District.—May 11, 1934.]

F. R. THATCHER et al., Appellants, v. THE COUNTY OF SAN DIEGO et al., Respondents.

Hillyer & Boldman for Appellants.

Thomas Whelan, District Attorney, Edward W. Goodman, Deputy District Attorney, and Harvey H. Atherton, for Respondents.

Lloyd S. Nix, George W. Nix and Joe Raycraft, as *Amici Curiae* on Behalf of Appellants.

MARKS, J.—This is an appeal from a judgment entered following an order sustaining demurrers to appellants' amended complaint without leave to amend, their counsel announcing that they did not desire leave to amend.

Appellants, who brought this action for themselves and the other property owners of the district, own property in Acquisition and Improvement District No. 13, which was organized for the improvement of Market Street, both within the city limits of the city of San Diego and outside such limits and within the County of San Diego, under the Acquisition and Improvement Act of 1925 (Stats. 1925, p. 849), commonly known as the "Mattoon Act". In addition to the County of San Diego, which instituted the improvement proceeding with the consent of the city of San

Diego, the members of its board of supervisors, its tax collector, assessor, auditor and treasurer, the other defendants are alleged to own all of the bonds issued to pay for the improvement. As disclosed by the amended complaint appellants sought a judgment, (1) declaring the Acquisition and Improvement Act of 1925 unconstitutional and the bonds issued under its provisions for district number thirteen null and void; (2) that the owners of such bonds deliver them up for cancellation; (3) that the County of San Diego and its officers be enjoined from proceeding with the levy of any assessment on the property in the district to pay the interest or principal of the bonds or from collecting or enforcing any assessment already levied; (4) that appellants' title to their properties be quieted.

While the demurrers were both general and special, the grounds of the special demurrers are not argued by counsel and we need only determine whether or not the allegations of the amended complaint state facts sufficient to constitute a cause of action.

The constitutionality of the Acquisition and Improvement Act of 1925 has been before the Supreme Court several times and its provisions have been sustained. (*Los Angeles County* v. *Hunt,* 198 Cal. 753 [247 Pac. 897]; *Allied Amusement Co.* v. *Byram,* 201 Cal. 316 [256 Pac. 1097]; *City of Pasadena* v. *McAllaster,* 204 Cal. 267 [267 Pac. 873]; *Southlands Co.* v. *San Diego,* 211 Cal. 646 [297 Pac. 521]; *Young* v. *Superior Court,* 216 Cal. 512 [15 Pac. (2d) 163]; *La Mesa etc. District* v. *Hornbeck,* 216 Cal. 730 [17 Pac. (2d) 143]; *American Securities Co.* v. *Forward,* 220 Cal. 566 [32 Pac. (2d) 343].)

Appellants direct their attack upon the constitutionality of the act in question upon the provisions which they contend permit what is known as the "pyramiding" of assessments. This precise question was before the Supreme Court in the case of *American Securities Co.* v. *Forward, supra,* and the constitutionality of the act upheld on this ground. This case and the others cited resolve all of the contentions of appellants against them. It follows that the judgment must be affirmed. It is so ordered.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1934.