GREEN COUNTY, Respondent, vs. CITY OF MONROE, Appellant.

*January 10—February 4, 1958.*

For the appellant there was a brief by *Cunningham & Buell* of Janesville, and *Arthur C. Benkert,* city attorney, and oral argument by *Mr. Robert J. Cunningham* and *Mr. Benkert.*

For the respondent there was a brief and oral argument by *Franz W. Brand,* district attorney, and *Howard H. Moss,* special assistant district attorney.

A brief *amicus curiae* was filed by *Robert D. Sundby* of Madison, legal counsel for the League of Wisconsin Municipalities.

BROADFOOT, J.   The sole issue in the case is whether the plaintiff county is subject to the terms, conditions, and provisions of the zoning ordinance of the defendant city in the location and construction of a county jail. There is little direct authority on the question presented. The reason therefor is apparent. Undoubtedly there have been many disputes between cities and counties as to the location of county courthouses and jails. They must have been settled in a spirit of compromise and comity. Such questions should be so settled.

It is admitted by the city that its zoning ordinance could not apply to the federal government or to the state. However, it contends that a county is not a sovereign power and therefore the exemption does not apply to counties. In so far as the text writers lay down a general rule the following are typical examples:

"Zoning restrictions cannot apply to the state or any of its agencies vested with the right of eminent domain in the use of land for public purposes." 8 McQuillin, Mun. Corp. (3d ed.), p. 43, sec. 25.15.

In 2 Law of Zoning by James Metzenbaum (2d ed.), p. 1280, the author states:

"When zoning had found itself firmly intrenched both in law and in practice, a rather novel question presented itself in the way of a challenge to the right of municipalities and other political subdivisions to use property for purposes other than those assigned under a zoning ordinance.

"It was argued that if the political subdivisions were compelled to comply with zoning ordinance requirements, the

public welfare—intended to be one of the principal beneficiaries of zoning—might actually suffer and be injured because a denial of the right of a political subdivision to proceed with public buildings and public construction, might distinctly retard the public well-being.

"Most of the courts to which the question has been submitted, appear to have decreed that unless a different intention is *clearly* manifested, states, municipalities, the federal government, and other public subdivisions, are *not* to be bound by the requirements of a zoning ordinance, especially where the proposed use is not within a 'nuisance' classification and where the buildings are used for 'governmental' and not merely for 'proprietary' uses."

At page 1289 the author states:

"It may conservatively be said that where a municipality, state, or county is aiming construction of a building which will be used exclusively for governmental functions, as distinguished from a corporate or quasi-private service, a municipal zoning ordinance does not apply, unless such use be inherently a nuisance."

Bassett in his book entitled "Zoning" on page 31, says:

"The need of a public building in a certain location ought to be determined by the federal, state, or municipal authority, and its determination on the question of necessary or desirable location cannot be interfered with by a local zoning ordinance."

The author further states on page 212:

". . . no zoning ordinance can prevent the municipal, state, or federal government from erecting buildings in the form and on the site needed by the public."

The trial court held that a county is a governmental arm and agency of the state performing primarily the functions of the state locally. *State ex rel. Bare v. Schinz,* 194 Wis. 397, 216 N. W. 509; *Crowley v. Clark County,* 219 Wis. 76, 261 N. W. 221   In the erection and operation of a county

jail a county is engaged in a governmental function and one that is necessary in the general administration of justice and particularly in the enforcement of the state's criminal laws.

The trial court further referred to the case of *Milwaukee v. McGregor,* 140 Wis. 35, 121 N. W. 642, wherein the city of Milwaukee attempted to enjoin the board of normal-school regents from erecting a normal-school building because the regents had not obtained a building permit pursuant to a city ordinance. An injunction was denied. It was held that the provisions of the local ordinance were not applicable to a state agency.

The city contends that the legislature granted to cities the power to zone in the broadest possible language. The city presents a complete history of the state statutes delegating zoning powers to cities and contends that because of the broad language therein contained the legislature intended to give cities the power to control the location and erection of public buildings by a county.

The city further contends that the best-reasoned cases in foreign jurisdictions sustain its position. It cites several cases from other jurisdictions dealing with the regulation of public buildings generally. The only case cited that involves the construction of a county jail is the case of *Cook County v. Chicago,* 311 Ill. 234, 142 N. E. 512. That case involved the applicability of a fire and building ordinance setting up construction standards. The case, however, cannot be a precedent because of a difference in the Illinois and Wisconsin statutes. The following quotations from the Illinois decision point out some of the differences:

"The county is not required to build a courthouse within the limits of any city, but may build it elsewhere if directed so to do by the people, or may maintain or condemn land of its own volition without a vote of the people. *County of Mercer v. Wolff, supra.* When the county builds a courthouse within the limits of a city, it may be held that in so

doing it acts voluntarily. No good reason, therefore, is perceived why it should not be made amenable to the reasonable police regulations imposed by the city in the interest of the general welfare." (p. 246.)

"It is the duty of the county to erect or otherwise provide, when necessary and finances will justify it, and to keep in repair, a suitable courthouse, jail, and other necessary county buildings. These, with a few other similar provisions, constitute the duties and powers delegated to the county and county boards by the legislature. There is no delegation of police power to the counties and townships of the state, and it would seem clear, therefore, that by the delegation of the police power to cities, villages, and incorporated towns the legislature intended that the exercise of that power over the property and inhabitants within the limits of the city or village should be by that municipality, subject, of course, to the right of the state, of which it is never divested, to exercise the police power." (p. 241.)

The Illinois court commented at length upon the case of *Pasadena School Dist. v. Pasadena,* 166 Cal. 7, 134 Pac. 985, which involved the question of whether in the construction of a school building the school district was governed by the fire and building ordinance of the city and whether it was required to pay fees for inspection. The supreme court of California held that it was. In the case of *Hall v. Taft,* 47 Cal. (2d) 177, 302 Pac. (2d) 574, decided in 1956, the supreme court of California overruled its opinion in the *Pasadena School Dist. Case.*

It is apparent from the above that our situation is entirely different. By statute the county board must construct the jail at the county seat. Under our statutes counties have extensive police powers. The state has its own building code governing the construction of public buildings. The state code is very comprehensive and covers safety in construction, sanitation, ventilation, and other details. The responsibility for the enforcement of the state building code

is not left to cities but is delegated to the state industrial commission and in the case of a county jail the plans are also subject to inspection and approval by the state department of public welfare. The general words of the statutes conferring zoning powers on cities cannot be construed to include the state, or in this instance the county, when in conflict with special statutes governing the location and construction of a county jail.

The trial court in his memorandum decision analyzed other cases from foreign jurisdictions and held that they were not applicable. His analysis of the whole question was thorough and his decision was based on Wisconsin cases and Wisconsin statutes, and the result he arrived at is manifestly correct.

*By the Court.*—Judgment affirmed.