[Civ. No. 26386. Second Dist., Div. Three. Jan. 21, 1963.]

COUNTY OF LOS ANGELES, Plaintiff and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent.

Harold W. Kennedy, County Counsel, and David D. Mix, Assistant County Counsel, for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Marcus E. Crahan, Jr., Deputy City Attorney, for Defendant and Respondent.

FORD, J.—The County of Los Angeles brought an action against the City of Los Angeles wherein it sought a declaration that the county is not bound to comply with certain ordinances of the city in the course of its activities within the city's territorial limits. The determination by the trial court of the issues raised by the pleadings was adverse to the contentions of the county and the county has appealed from the judgment.

The findings of fact are in part as follows: 1. The county is engaged in using and occupying land and in causing construction of certain buildings and additions and alterations to buildings upon property owned by the county and located within the corporate limits of the city. 2. The city has adopted ordinances which are expressly applicable to the county and which regulate and control within the city's corporate limits the following matters: (a) the construction, maintenance and operation of elevators, escalators, boilers and pressure vessels; (b) the construction, maintenance, occupancy, repair, alteration and demolition of buildings and structures as well as the grading of land; (c) the construction, installation, maintenance and use of electrical wiring

and equipment, plumbing and plumbing equipment, and heating, ventilating, and refrigerating apparatus and equipment. 3. The city has adopted ordinances which are expressly applicable to the county and which regulate and control the occupancy, use and subdivision of land within the city's corporate limits. 4. The city has not adopted the "State of California Conservation and Planning Act as set forth in Sections 65300 through 65951 of the Government Code, but has enacted its own comprehensive zoning plan and land use regulations as set forth in Chapter 1 of the Los Angeles Municipal Code . . . and Sections 94 through 99½ of the Los Angeles City Charter." 5. The county is presently constructing buildings and structures within the corporate limits of the city, including a county jail facility, without securing building permits therefor and without any plan-checking or inspection by the city as required under the terms of the city's pertinent ordinances. 6. The county owns or leases in its own name many buildings and structures within the city's corporate limits which are not in conformance with the building regulations of the city. 7. The county is presently constructing buildings and structures within the city's corporate limits in its own name which are not in conformity with the city's building regulations. 8. The county, "its officers, agents, employees and independent contractors have continuously and at all times prior to November 19, 1956[1] complied with all applicable ordinances adopted by [the city] . . . regulating the construction, repair, alteration, occupancy and maintenance of buildings and the use and occupancy of land" within the city's corporate limits.

By the judgment it was determined that, with respect to activities within "the corporate and territorial limits" of the city, the county and its officers, employees, agents and independent contractors must comply with the building ordinances and the zoning and land use ordinances of the city. It was further declared that the county and the designated persons are required to comply with the provisions of the city ordinances relating to the construction, maintenance, repair, alteration and operation of boilers and pressure vessels within the city. The judgment also contains determinations that the city or any of its boards, departments or officers may "refuse

---

[1]*Hall* v. *City of Taft*, 47 Cal.2d 177 [302 P.2d 574], hereinafter discussed in this opinion, was decided on October 19, 1956

to render its municipally owned water, electric, sewage or waste disposal services to any particular installation owned or controlled'' by the county within the city ''if such installation violates or fails to comply with the requirements contained in the aforesaid Building Regulations . . . which are applicable to such services,'' and may refuse to render such services to any particular parcel of property owned or controlled by the county within the city if the county ''or any of its officers, employees, agents or independent contractors violates or fails to comply with the aforesaid Zoning and Land Use Regulations . . . with respect to such property.''[2]

In its argument in support of the judgment the city places reliance upon section 11 of article XI of the Constitution of the State of California.[3] Its position is stated as follows: ''Respondent submits in this connection that regardless of the question of whether the matter is considered to be a state affair or a municipal affair, the City has the power to enact and enforce building and zoning regulations in the absence of conflicting State regulations in the same manner and to the same extent as does the State. Having enacted such regulations, having made them expressly applicable to the County (as the County concedes), and in the absence of conflicting State regulations, the County is required to comply with them the same as if enacted by the Legislature.'' Moreover, a further contention is made to the effect that ordinances relating to building construction and the zoning of land are in the category of municipal affairs and that the governing law is as follows: ''*In addition* to the municipal police power, the people of this State have conferred upon chartered cities the power to make and enforce *all* laws with respect to municipal affairs, subject only to the express limitations contained in

---

[2]In the city's brief, counsel for the city do not interpret this part of the judgment literally. They state: ''The issue in this connection is not whether the City can enforce its building and zoning regulations by denying such services to the County, but whether the City *may refuse* to render such services *if* the County fails to comply with such of these regulations as are applicable to the receipt of the service rendered. Thus, for example, the issue in this connection is whether the City may refuse to energize electrical wiring and electrical systems in County buildings if such wiring or such systems fail to conform to the safety standards established by the relevant provisions contained in the City's Electrical Code.''

[3]That section is as follows: ''Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws.''

their respective city charters. (Cal. Const., Art. XI, Secs. 6 and 8) ; and have prohibited the Legislature from interfering with the exercise of such powers. (Cal. Const. Art. XI, Sec. 13.) ''

The persuasive force of the city's argument is diminished when the nature of the essential function of the county is defined and the reasoning of the court in *Hall* v. *City of Taft,* 47 Cal.2d 177 [302 P.2d 574], is studied in the light thereof.

In *County of Los Angeles* v. *Riley,* 6 Cal.2d 625 [59 P.2d 139, 106 A.L.R. 903], at pages 627-628, it was said: ''Counties are not municipal corporations, but are political subdivisions of the state for purposes of government. (*Hill* v. *Board of Supervisors,* 176 Cal. 84 [167 P. 514] ; *Reclamation District* v. *Superior Court,* 171 Cal. 672 [154 P. 845].)

With certain exceptions, the powers and functions of the counties have a direct and exclusive reference to the general policy of the state and are, in fact, but a branch of the general administration of that policy. (*County of Sacramento* v. *Chambers, supra* [33 Cal.App. 142 (164 P. 613)] ; *Singh* v. *Superior Court,* 44 Cal.App. 64 [185 P. 985].) Counties are vested by the state with a variety of powers, which the state itself may assume or resume and directly exercise. (*Reclamation District* v. *Superior Court, supra*; *County of San Mateo* v. *Coburn,* 130 Cal. 631 [63 P. 78, 621] ; see, generally, 7 Cal. Jur. 387, sec. 3 et seq.) Counties perform many functions which are state functions, as distinguished from purely local functions, and expend large sums of money in the performance of those functions. Just as in the case of the cities, the spheres of operation of the counties and state overlap, but to a much greater degree.'' (See also *County of Marin* v. *Superior Court,* 53 Cal.2d 633, 638 [2 Cal.Rptr. 758, 349 P.2d 526] ; *County of Contra Costa* v. *Social Welfare Board,* 199 Cal.App.2d 468, 473 [18 Cal.Rptr. 573] ; *Singh* v. *Superior Court,* 44 Cal.App. 64, 66 [185 P. 985] ; Crouch, McHenry, Bollens & Scott, California Government and Politics (2d ed. 1960) 216-217.)

In *Hall* v. *City of Taft, supra,* 47 Cal.2d 177, the Supreme Court affirmed a judgment which enjoined the city from enforcing its building ordinance against a building contractor who was engaged in erecting a school building for a school district. The city contended that it had the power under section 11 of article XI of the state Constitution to adopt building construction regulations applicable to such construc-

tion. The court said (47 Cal.2d at pp. 181-183): "School districts are agencies of the state for the local operation of the state school system. [Citations.] The beneficial ownership of property of the public schools is in the state.[4] . . . While a large degree of autonomy is granted to school districts by the Legislature, we are referred to no statute or constitutional provision which, as far as the question here involved is concerned, expressly makes school buildings or their construction any more amenable to regulation by a municipal corporation than structures which are built and maintained by the state generally for its use. When it engages in such sovereign activities as the construction and maintenance of its buildings, as differentiated from enacting laws for the conduct of the public at large, it is not subject to local regulations unless the Constitution says it is or the Legislature has consented to such regulation. Section 11 of article XI of the state Constitution, *supra*, should not be considered as conferring such powers on local government agencies." The reasoning of the *Hall* case, when applied to the facts of the present case, appears to us to compel the conclusion that section 11 of article XI of the state Constitution does not empower the city to regulate the activities of the county in the ways involved in this case.

It is true that in the *Hall* case the court, after the discussion noted hereinabove, stated as follows (47 Cal.2d at p. 184): "Moreover, in connection with the foregoing and *as an additional ground* why the construction of school buildings by school districts are not subject to the building regulations of a municipal corporation in which the building is constructed, is that the state has completely occupied the field by general laws, and such local regulations conflict with such general

---

[4]Cf. *County of Marin* v. *Superior Court, supra,* 53 Cal.2d 633, at pages 638-639: "By the same token *all* property under the care and control of a county is merely held in trust by the county for the people of the entire state. The county is merely a political subdivision of state government, exercising only the powers of the state, granted by the state, created for the purpose of advancing 'the policy of the state at large, for purposes of political organization and civil administration, in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and expressly for the general administration of justice.' (1 Dillon, Municipal Corporations, 5th ed., § 35, p. 64; 1 McQuillin, Municipal Corporations, 3d ed., § 2.46, pp. 495-500; *County of Los Angeles* v. *Riley,* 6 Cal.2d 625, 627 [59 P.2d 139, 106 A.L.R. 903]; *Singh* v. *Superior Court,* 44 Cal.App. 64, 66 [185 P. 985].) The county holds all its property, therefore, not just highway easements, as agent of the state."

laws, when we consider the activity involved.'' (Emphasis added.) ■ But, as said in *Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644 [20 P.2d 940], at page 650: ''It is well settled that where two independent reasons are given for a decision, neither one is to be considered mere *dictum,* since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and each is of equal validity.'' (See also *King* v. *Pauly,* 159 Cal. 549, 554 [115 P. 210, Ann.Cas. 1912C 1244]; 3 Witkin on California Procedure, p. 2443.) Moreover, it is to be noted that after the decision in the *Hall* case, sections 53090-53095 were added to the Government Code. (Stats. 1959, ch. 2110, p. 4909, § 1.) While a complete summary of that legislation cannot be made by a quotation of isolated sentences thereof, parts pertinent to the discussion of the problem presently before this court will be mentioned. The first sentence of section 53091 is as follows: ''Each local agency shall comply with all applicable building ordinances and zoning ordinances of the county or city in which the territory of the local agency is situated.'' But it is expressly provided in section 53090 that the term ''local agency'' does not include a county.[5]

Recourse to other sections of article XI of the state Constitution does not aid the city. ■ Since the city cannot interfere with or hamper the county in the performance of those functions which, as stated in *County of Los Angeles* v. *Riley, supra,* 6 Cal.2d 625, at pages 627-628, are ''state functions, as distinguished from purely local functions,'' the extent to which building and zoning regulations of a charter city are considered to be municipal affairs when private property is involved (see *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 310 [144 P.2d 4]; *Agnew* v. *City of Los Angeles,* 190 Cal.App.2d 820, 827 [12 Cal.Rptr. 507]; *Kissinger* v. *City of Los Angeles,* 161 Cal.App.2d 454, 464 [327 P.2d 10])

---

[5]Section 53090 of the Government Code (as amended in 1961) is as follows: ''As used in this article: (a) 'Local agency' means an agency of the State for the local performance of governmental or proprietary function within limited boundaries. 'Local agency' does not include the State, a city, a county, a rapid transit district whose board of directors is appointed by public bodies or officers within the area comprising the district, or the San Francisco Port Authority. (b) 'Building ordinances' means ordinances of a county or city regulating building and construction and removal of buildings, including ordinances relating to the matters set forth in Section 38660 and similar matters, and including ordinances relating to building permits and building inspection.''

is not the criterion by which to judge the power of the city in the present case. (See *Hall* v. *City of Taft, supra,* 47 Cal.2d 177, 184.) ▮ The following statement in *In re Means,* 14 Cal.2d 254 [93 P.2d 105], at page 259, is apropos: "Turning to the contentions of the respondent that the regulation of plumbing is a municipal affair, the rule to be applied is not entirely a geographical one. Under certain circumstances, an act relating to property within a city may be of such general concern that local regulation concerning municipal affairs is inapplicable. (*Young* v. *Superior Court,* 216 Cal. 512 [15 P.2d 163]; *Civic Center Assn.* v. *Railroad Com.,* 175 Cal. 441 [116 P. 351]; *Key System Transit Co.* v. *City of Oakland,* 124 Cal.App. 733 [13 P.2d 979].) For example, where one of the city's streets has been declared by an act of the legislature to be a secondary highway, the improvement of that street is not a municipal affair within the meaning of the Constitution. (*Southern California Roads Co.* v. *McGuire,* 2 Cal.2d 115 [39 P.2d 412].) Also, regulations prescribed by charter or ordinance of a city requiring that the work of altering and improving buildings be subject to local supervision have been held inapplicable to state buildings. *City of Milwaukee* v. *McGregor,* 140 Wis. 35 [121 N.W. 642, 17 Ann.Cas. 1002].)"

It is true that a situation could arise in which, for example, an injudicious exercise of its authority by a county by the erection in a city of a hospital or jail facility in a neighborhood zoned for residential use might cause undue hardship to residents of that community. But problems of that nature are to be resolved by action of the Legislature when the need therefor arises, as was done with respect to kindred problems in the legislation found in sections 53090-53095 of the Government Code, discussed hereinabove. This court can only follow what it deems to be controlling precedent embodied in the opinion in *Hall* v. *City of Taft, supra,* 47 Cal.2d 177.

The judgment is reversed with directions to the trial court to amend its conclusions of law in accordance with the views herein expressed and thereupon to enter judgment in conformity therewith.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied February 20, 1963, and respondent's petition for a hearing by the Supreme Court was denied March 20, 1963.