*175
 
 BROWN (Gerald), P. J.
 

 Appealing from a summary judgment, declaratory relief plaintiff City of Santa Ana contests a trial court’s determination defendant Board of Education of the City of Santa Ana is not subject to the city’s garbage collection regulations. Plaintiff seeks to compel defendant to employ plaintiff’s garbage collection services.
 

 Plaintiff contends the state has imposed upon local political subdivisions the duty to regulate garbage collection within their territorial limits
 
 (Matula
 
 v.
 
 Superior Court,
 
 146 Cal.App.2d 93 [303 P.2d 871]); article XI, section 11. of the California Constitution vests in cities broad police power to regulate garbage collection
 
 (Matula
 
 v.
 
 Superior Court, supra,
 
 146 Cal.App.2d 93) ; garbage collection is peculiarly a subject of municipal control, an important purpose of municipal government
 
 (In re Zhizhuzza,
 
 147 Cal. 328 [81 P. 955] ;
 
 In re Santos,
 
 88 Cal.App. 691 [264 P. 281]). Plaintiff argues this power does not threaten defendant’s management, and control of public school education.
 

 In
 
 Hall
 
 v.
 
 City of Taft,
 
 47 Cal.2d 177 [302 P.2d 574], the California. Supreme Court explained: 1) school districts are state agencies for the local operation of the state school system; 2) the state is the beneficial owner of public school property; 3) “When it [the state] engages in such sovereign activities as the construction and maintenance of its buildings, as differentiated from enacting laws for the conduct of the public at large, it is not subject to local regulations unléss the Constitution says it is or the Legislature has consented to such regulation.
 
 Section 11 of Article XI of the state Constitution, supra, should not he considered as conferring such powers on local government agencies.”
 
 (47 Cal.2d at p. 183.) (Italics ours.) 4) “‘“The principle is that the state, when creating municipal governments does not cede to them any control of the state’s property situated within them, nor over any property which the state has authorized another body or power to control. The municipal government is but an agent of the state, not an independent body. It governs in the limited manner and territory that is expressly or by necessary implication granted to it. by the state. It is competent for the state to retain to itself some part of the government even within the municipality, which it. will exercise directly, or through the medium of other selected and more suitable instrumentalities. How can the city ever have a superior authority to the state over the latter’s own property, or in its control and management? From the
 
 *176
 
 nature of things it cannot have.” ’ ” (47 Cal.2d 183-184, quoting
 
 In re Means,
 
 14 Cal.2d 254, 258 [93 P.2d 105], quoting
 
 Kentucky Institute for Education of Blind
 
 v.
 
 City of Louisville,
 
 123 Ky. 767 [97 S.W. 402].) This final principle is reiterated in
 
 Town of Atherton
 
 v.
 
 Superior Court,
 
 159 Cal.App.2d 417, 428 [324 P.2d 328] and
 
 Vagim
 
 v.
 
 Board of Supervisors,
 
 230 Cal.App.2d 286, 294 [40 Cal.Rptr. 760], Plaintiff’s reliance on article XI, section 11 of the California Constitution is misplaced; plaintiff does not urge any other constitutional or statutory grant of power to it over the state’s school districts for garbage collection purposes.
 

 Plaintiff attempts to distinguish the
 
 Hall
 
 case in two ways:
 

 1) Plaintiff argues: “The
 
 Hall
 
 v.
 
 City of Taft
 
 case (47 Cal.2d 177 [302 P.2d 574]) can be distinguished upon the ground that the case dealt with the construction and maintenance of school buildings which would affect directly the internal activities and control property of the school system. In the ease of collection and disposal of refuse, said property rights affected would be minimal, if at all. The collection has an indirect effect upon the activities of the school system, and is an external operation.” We do not decide whether plaintiff’s garbage collection regulations directly or indirectly affect internal or external control, maintenance or operation of the school system or its property. Because the
 
 Kail
 
 case says the test of whether local regulations may control state maintenance of state buildings is whether the Constitution or Legislature has consented to such regulation, we think the test is not whether the local regulation directly or indirectly affects internal or external control, maintenance or operation of state property or a state system.
 

 2) Plaintiff argues the
 
 Hall
 
 case does not reflect the wishes of the People of California.
 
 Hall
 
 involved local construction regulation. Following
 
 Hall,
 
 the Legislature acted to change the relationship of the state and local governments with respect to construction regulation. Similarly, any change in the state-local government relationship regarding garbage collection should be made by the Legislature. (See
 
 County of Los Angeles
 
 v.
 
 City of Los Angeles,
 
 212 Cal.App.2d 160 [28 Cal.Rptr. 32].)
 

 Judgment affirmed.
 

 Coughlin, J., and Whelan, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied December 13, 1967.