281 So.2d 68 (1973)
METROPOLITAN DADE COUNTY, Appellant,
v.
PARKWAY TOWERS CONDOMINIUM ASSOCIATION et al., Appellees.
No. 73-826.
District Court of Appeal of Florida, Third District.
August 1, 1973.
Stuart Simon, County Atty., and John G. Fletcher and Joseph D. Komansky, Asst. County Attys., for appellant.
Watson & Watson, Frates, Floyd, Pearson, Stewart, Proenza & Richman and Alan G. Greer, Miami, for appellees.
Before BARKDULL, C.J., HAVERFIELD, J., and GROSSMAN, RHEA P., Associate Judge.
PER CURIAM.
Appellant, defendant in the trial court, seeks review of a temporary injunction. It urges error, first, in the granting of an injunction and, further, that the bond provided is inadequate.
From the appeal papers, it appears that the appellant determined to locate a facility for the housing of prisoners and the implementation of a work release program on certain property located in the unincorporated area of Dade County, zoned GU "Interium Use District". Pursuant to this intention, the County in cooperation with the *69 Federal Government [in order to secure a Federal grant of some $640,000.00] had specifications prepared, advertised for bids, and received bids to construct said facility on the selected site for a contract price in excess of $1,600,000.00; the deadline for executing said contract is August 20, 1973. The appellees, as plaintiffs, filed the instant action, alleging that the County was not complying with its own zoning procedures; that it was taking the plaintiffs' property without just compensation, and requested a declaratory decree. The matter came on for hearing before the trial court and it entered a temporary injunction, here under review, enjoining the County from proceeding to utilize the site in question until such time as the property was properly zoned to permit the intended use, and conditioned the entry of said temporary injunction upon the plaintiffs in the trial court posting a $50,000.00 bond. This appeal ensued.
The County contends that the erection of a jail facility for County inmates is a governmental function and that they are not required to seek a zoning change on the property involved before they may erect such a facility, contending that they have the power to place a governmental facility wherever the Board of County Commissioners [the legislative body] may so direct. The County cites us to authorities, such as State v. DuBose, 99 Fla. 812, 128 So. 4; Nichols Engineering & Research Corp. v. State ex rel. Knight, Fla. 1952, 59 So.2d 874; City of Treasure Island v. Decker, Fla.App. 1965, 174 So.2d 756; A1A Mobile Home Park, Inc. v. Brevard County, Fla.App. 1971, 246 So.2d 126; Jefferson National Bank of Miami Beach v. City of Miami Beach, Fla.App. 1972, 267 So.2d 100; Volume 2, American Law of Zoning, Anderson, § 9.03. These authorities recognize that under the common law a governmental entity may place a governmental facility without regard to a comprehensive zoning ordinance or its procedures. The plaintiffs in the trial court concede this general principle of law, but contend that the County [in the adoption of the comprehensive zoning ordinance, pursuant to the Metropolitan Home Rule Charter] waived this privilege because the ordinance, in part, provides the procedures for changing the comprehensive zoning plan shall be the "exclusive" method of alteration.
We agree with the County's position. It possessed the right at common law to place a governmental function on any site selected within the County as directed by the Board of County Commissioners and that, in order to waive this privilege, there must be some affirmative showing of such waiver by action taken in the adoption of the zoning ordinance. No such is found; no reference to jail facilities is found in the comprehensive zoning ordinance. The only reference is as to police stations. Obviously, as to police stations, the County having provided this classification within a particular use district it can only erect such a facility within such a district. But, there is no such inhibition as to a facility to house inmates on a permanent basis as contrasted with a transitory nature of housing inmates at a police station.
Although, by the above, we have found that the chancellor erred by the issuance of a temporary injunction, we note that the mere fact that a temporary injunction was issued does not automatically entitle the plaintiffs to a permanent injunction. See: Morse Taxi & Baggage Transfer, Inc. v. Bal Harbour Village, Fla.App. 1970, 242 So.2d 177. And, we also realize that the fixing of the amount of an injunction bond is a discretionary matter. Santona-Nervia Corporation v. Publix Market, Inc., Fla.App. 1962, 146 So.2d 305. However, we find that the chancellor abused his discretion in fixing the bond at $50,000.00 for a contract in excess of $1,600,000.00 and that the bond should have been at least $150,000.00.[1]
*70 Wherefore, the temporary injunction here under review be and the same is hereby reversed, with directions to discharge same. We are not directing the trial court to dismiss the complaint in the trial court, because there has been some indication that there may be other causes of action on rights to be determined under the original complaint. However, by this opinion, we do hold that the County has the right to erect a governmental facility [not otherwise provided for in the use classification established in the comprehensive zoning ordinance] where it may direct in the unincorporated area of the County, notwithstanding the use classification of any particular site.
Due to the time limitation, the time for rehearing is reduced until 5:00 P.M., Monday, August 6, 1973.
Reversed and remanded, with directions.
NOTES
[1] The County contends that the bond, in addition to damages for delay, which would be covered by a bond in the sum of $150,000.00, should also include the amount of the Federal grant of some $640,000.00 because said grant may be lost in the event the contract is not awarded by December 31, 1973. We do not find this position to be well-taken at this time. This would be a subject that could be reviewed in December in the event the instant proceedings are still pending and the temporary injunction should be reinstated by further proceedings, and the County is unable to award the contract or unable to get an extension on the Federal grant.