TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-719 |
| of | : | |
| | : | DECEMBER 5, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE MICHAEL R. CAPIZZI, DISTRICT ATTORNEY, ORANGE COUNTY, has requested an opinion on the following question:

May a county enact an ordinance which bans smoking in all county buildings and enforce the ordinance against members of the public in county buildings located within incorporated territory?

CONCLUSION

A county may enact an ordinance which bans smoking in all county buildings and enforce the ordinance against members of the public in county buildings located within incorporated territory.

ANALYSIS

In analyzing the power of a county to ban smoking in all county buildings and to enforce such ban against members of the public, we look first to the county's "police powers" authority granted by the Constitution. Section 7 of article XI of the Constitution provides:

"A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."

A ban on smoking in county buildings wherever situated would not "conflict with general laws." The question arises, however, as to whether a county may enforce such a ban under this constitutional grant of authority against members of the public in county buildings located within the incorporated territory of a city. What does the constitutional phrase "within its limits" mean for purposes of the ordinance at issue?

Several early cases suggested the possibility that a county had concurrent jurisdiction to enact constitutionally based police regulations within a city absent any city regulations on the same subject. (See *County of Los Angeles* v. *Eikenberry* (1901) 131 Cal. 461, 465; *Ex Parte Mansfield* (1895) 106 Cal. 400, 403; *Ex Parte Roach* (1894) 104 Cal. 272, 275.) However, that possibility appears to have been rejected by the Supreme Court in *Ex Parte Pfirrmann* (1901) 134 Cal. 143, 145. Accordingly, the rule presently enunciated by the courts is that the police powers of cities and counties granted under the Constitution do not extend beyond their territorial limits. In the case of a county, "its limits" do not include the territory of a city within the county. (See *City of Oakland* v. *Brock* (1937) 8 Cal.2d 639, 641; *Stirling* v. *Board of Supervisors* (1975) 48 Cal.App.3d 184, 187; *County of Los Angeles* v. *City Council* (1962) 202 Cal.App.2d 20, 26; *City of South San Francisco* v. *Berry* (1953) 120 Cal.App.2d 252, 253.)

We note, however, that a county, as an agency of the state, is immune from city regulations when performing its sovereign functions within city limits. This immunity applies whether the regulations are direct or indirect. (See *County of Los Angeles* v. *City Council* (1968) 212 Cal.App.2d 160, 163-165; *cf. City of Santa Ana* v. *Board of Education* (1967) 255 Cal.App.2d 178, 180.)

Accordingly, if a county is prohibited from passing a regulation on smoking in its buildings within city limits, and a city may not interfere with county operations, a vacuum could result as to the power to regulate. Conversely, if both entities claimed regulatory power under their constitutional police power authority, conflicts of jurisdiction could arise, as examined by the court in *Ex Parte Pfirrmann*, *supra*, 134 Cal. 143, 145.

Here, we need not resolve this potential for conflict regarding the exercise of authority by cities and counties under section 7 of article XI of the Constitution. In addition to enacting ordinances under its police powers authority, a county may enact extraterritorially where the Legislature has expressly granted that power or where such is a necessary incident to an expressly granted power. (See *City of Oakland* v. *Brock*, *supra*, 8 Cal.2d 639, 641-642; *cf. Mulville* v. *City of San Diego* (1920) 183 Cal. 734, 737.) Pursuant to the provisions of section 23004, subdivision (d) of the Government Code, "[a] county may: . . . [m]anage . . . its property as the interests of its inhabitants require."

We believe that this statutorily granted power permits a county board of supervisors to enact an ordinance prohibiting smoking in any or all county buildings wherever situated in order to further "the interests of its inhabitants." (See *County of Fresno* v. *Fair Employment & Housing Com* (1991) 226 Cal.App.3d 1541 [county's duty to accommodate employees allergic to tobacco smoke].) The ordinance would be subject to enforcement under subdivision (a) of section 25132 of the Government Code, which provides as follows:

> "Violation of a county ordinance is a misdemeanor unless by ordinance it is made an infraction. Such a violation may be prosecuted by county authorities in the name of the people of the State of California, or redressed by civil action. . . ."[1]

---

[1]This approach follows similar treatment for regulations adopted with respect to state buildings. The State Director of General Services is authorized to "establish rules and regulations for the government and maintenance of the state buildings and grounds," and "[e]very person who violates or attempts to violate the rules and regulations is guilty of a misdemeanor." (Gov. Code, § 14685.)

We therefore conclude that pursuant to statutory authority, a county may enact an ordinance which bans smoking in all county buildings and may enforce the ordinance against members of the public in county buildings located within incorporated territory.

* * * * *