Altadena Valley Golf Country Club appeals from a summary judgment entered in favor of Blue Cross and Blue Shield of Alabama in an action seeking to determine which party is liable for medical bills incurred by Ms. Rosa Daniel for knee replacement surgery. We affirm.
In reviewing a summary judgment, we must construe the evidence in the manner most favorable to the appellant and resolve all doubts against the appellee. Motes v.Matthews, 497 So.2d 1121, 1123 (Ala. 1986). The evidence, construed in that manner, suggests the following facts:
Ms. Daniel was employed by Altadena as a cook. On or about February 8, 1990, Ms. Daniel slipped as she was entering the storage room, landing on her left knee. On February 26, she went to MedHelp, a medical clinic, complaining of pain in her left knee. She was subsequently admitted to St. Vincent's Hospital and was treated there by Dr. Rex Harris. She was diagnosed with, and was treated for, venous thrombosis. After being released from St. Vincent's, she returned to work on March 13, 1990. She returned to Dr. Harris's office on April 2 and April 30. On April 30 Dr. Harris ordered an MRI test and, based on the results, he said that he would have ordered a knee replacement had Ms. Daniel ever returned to his office. The MRI showed a popliteal cyst and degenerative changes, both of which, he said, take years to develop.
On July 23, 1990, Ms. Daniel went to see Dr. William Bryant. He was aware that she had fallen some time before and he diagnosed her with a popliteal cyst. He testified that it was possible for this to have been caused by an acute injury or, over a longer period of time, by degenerative arthritis. Dr. Bryant admitted Ms. Daniel to Brookwood Medical Center on September 13, 1990, and performed arthroscopic surgery, repairing a tear and removing the cyst. While performing the surgery, Dr. Bryant noted the presence of degenerative arthritis throughout the entire joint. Ms. Daniel never returned to work after this surgery. Dr. Bryant continued to treat Ms. Daniel and eventually performed a total knee replacement *Page 915 
on May 9, 1991. He testified that the replacement was necessary because of damage resulting from degenerative arthritis.
Initially, Blue Cross, Ms. Daniel's medical insurance carrier, paid for all of Ms. Daniel's treatment. In January 1991 Blue Cross began demanding the money back from the doctors, claiming that it had made the payments in error. It was at that time that Ms. Daniel began claiming that her knee problems resulted from her fall in the storage room at Altadena back in February 1990. Ms. Daniel filed a worker's compensation action against Altadena on February 18, 1992; Altadena filed a third-party complaint against Blue Cross. Altadena and Ms. Daniel settled their dispute, but, in the consent judgment relating to their dispute, Altadena accepted no liability for Ms. Daniel's injury.
As to Altadena's third-party claim against Blue Cross, Blue Cross contended that it had no duty to pay Ms. Daniel's claims because its contract provided no coverage of "services and expenses covered in whole or in part by worker's compensation." Altadena claimed that the treatment was not necessitated by a work-related injury and that Blue Cross was, therefore, liable for it. The court entered a summary judgment for Blue Cross.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Westv. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material facts exists, as Blue Cross did in the present case, the burden shifts to the nonmovant to show "substantial evidence" in support of his or her position. Bean v. Craig,557 So.2d 1249, 1252 (Ala. 1990).
"It is well settled that workmen's compensation is not limited to those in perfect health. If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce disability, the preexisting disability does not disqualify the claim. . . ." Ex parte Lewis,469 So.2d 599, 601 (Ala. 1985). There was no evidence that Ms. Daniel had suffered any pain in her left knee before her accident. Altadena was relying on the testimony of Drs. Bryant and Harris to show that the treatment was not necessitated by the fall but, rather by a preexisting condition. However, both doctors testified that if the degenerative condition and cyst already existed, the fall would have exacerbated the problem and caused it to become symptomatic. Thus, there was no genuine issue as to whether the injury resulted from or was exacerbated by the work-related accident, and Blue Cross was entitled to a judgment as a matter of law. Rule 56. We affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur.