2003 SD 106

**CITY OF RAPID CITY, a municipal corporation of the State of South Dakota, Plaintiff and Appellant,**

v.

**PENNINGTON COUNTY, a political subdivision of the State of South Dakota, Defendant and Appellee.**

No. 22521.

Supreme Court of South Dakota.

Argued April 29, 2003.

Decided Aug. 27, 2003.

Adam Altman, City Attorney, Jason E. Green, Assistant City Attorney, Rapid City, South Dakota, for plaintiff and appellant.

Glenn A. Brenner, Pennington County State's Attorney, Tobin Karn, Pennington County Special Deputy State's Attorney, Rapid City, South Dakota, for defendant and appellee.

KONENKAMP, Justice.

[¶ 1.] Pennington County sought approval to change its former juvenile detention center into a jail-work release facility. Rapid City's Planning Commission and Common Council disapproved the change in use. Invoking SDCL 11–6–21, the county overruled the city and proceeded with the project. Rapid City brought suit. The circuit court held that SDCL 11–6–21 authorized the county to proceed with the project without the city's approval.[1] On appeal, Rapid City argues that SDCL 11–6–21 does not authorize the county to proceed without the city council's approval when the intruding jurisdiction is a county and the host jurisdiction is a municipality located within the county. Because the Legislature has statutorily permitted counties to construct certain governmental facilities within city limits without city approval, the county is not subject to municipal zoning in this instance. We affirm.

**Background**

[¶ 2.] The parties do not dispute the essential facts of this case. Pennington County wishes to renovate its juvenile detention center into a jail-work release facility on county-owned land located in Rapid City. Previously, this property had been operated as a juvenile detention center and before that as both a juvenile court and detention center. Rapid City has adopted a comprehensive zoning plan under SDCL 11–4–4 and a comprehensive plan for development under SDCL 11–6–18. The zoning district in which the property is situated is designated for medium density, residential use.

[¶ 3.] In December 2001, the county applied to the Rapid City Planning Commission for amendments to the city's comprehensive plan, for a change in zoning, for a use on review permit, and for review under SDCL 11–6–19, allowing the property to be operated as a jail-work release facility. After public hearings, both the Planning Commission and the Common Council denied the requests. In response, the Pennington County Board of Commissioners voted unanimously to override the denial, invoking SDCL 11–6–21. It proceeded with the project to renovate the juvenile detention center property into a jail-work release facility.

[¶ 4.] Rapid City sought a writ of certiorari, a permanent injunction, or an appeal under SDCL 7–8–27 to prevent the property from being used as a jail-work release facility in violation of the city's comprehensive plan and zoning ordinances. The city also sought preliminary injunctive relief based on *Lincoln County v. Johnson*, 257 N.W.2d 453 (S.D.1977). The circuit court denied the city's request for a preliminary injunction, finding no irreparable harm. After briefing and a hearing, the circuit court ruled that SDCL 11–6–21 authorized the county to proceed with the project without city approval. On appeal, Rapid City contends: (1) "SDCL 11–6–21 does not authorize a county to use property located within a municipality in violation of the municipality's comprehensive plan and zoning ordinance without the approval of the municipal governing body." (2) "The circuit court erred in failing to apply the rule of *Lincoln County v. Johnson*."

**Analysis and Decision**

[¶ 5.] Statutory interpretation is a legal question reviewed without deference to the trial court's decision. *Ridley v.*

1. The Honorable Timothy R. Johns of the    Fourth Judicial Circuit, sitting by designation.

*Lawrence County Comm'n,* 2000 SD 143, ¶ 5, 619 N.W.2d 254, 257 (citations omitted). The specific question here is whether the county's decision to construct and operate a jail-work release facility can override city zoning. The relevant statutes are as follows:

> SDCL 11–6–19. Planning commission approval required for construction in area covered by comprehensive plan.
>
> Whenever any such municipal council shall have adopted the comprehensive plan of the municipality or any part thereof, then and thenceforth, no street, park, or other public way, ground, place, space, **no public building or structure,** no public utility, whether publicly or privately owned, **if covered by the comprehensive plan or any adopted part thereof, shall be constructed or authorized in the municipality or within its subdivision jurisdiction as defined in § 11–6–26, until and unless the location and extent thereof shall have been submitted to and approved by the planning commission.**

SDCL 11–6–20. Reasons for planning commission disapproval of construction communicated to municipal council-Vote required for council to overrule.

> In case of disapproval of any construction or authorization submitted under § 11–6–19, the planning commission shall communicate its reasons to the council, and the council, by vote of not less than two-thirds of its entire membership, shall have the power to overrule such disapproval and, upon such overruling the council or the appropriate board or officer shall have the power to proceed.

SDCL 11–6–21. Action by public bodies other than municipal council having jurisdiction over construction.

> If the public way, ground, place, space, **building,** structure, or utility re-ferred to in § 11–6–19 be one the authorization or financing of which does not,** under the law or charter provisions governing the same, **fall within the province of the council or other body or official of the municipality, then the submission of such to the planning commission shall be by the board or official having such jurisdiction, and the planning commission's disapproval may be overruled by said board** by a vote of not less than two-thirds of its entire membership **or by said official.**

(Emphasis added).

[¶ 6.] Several of the terms in these statutes are defined in SDCL 11–6–1 and SDCL 11–2–1, which govern planning and zoning in South Dakota. "Commission" "planning and zoning commission" and "planning commission" are defined as "any city planning and zoning commission created under the terms of [SDCL 11–6]." SDCL 11–6–1(1). "Comprehensive plan" is defined as "any document which describes in words, and may illustrate by maps, plats, charts, and other descriptive matter, the goals, policies, and objectives of the municipality to interrelate all functional and natural systems and activities relating to the development of the territory under its jurisdiction." SDCL 11–6–1(2). The term "council" is defined as "the chief legislative body or governing body of the municipality." SDCL 11–6–1(3). "Municipality" or "city" is defined as "any incorporated city or town." SDCL 11–6–1(5). "Board" is defined as "the board of county commissioners." SDCL 11–2–1(1). "Governing body" is "the board of county commissioners, the city council or city commission." SDCL 11–2–1(4).

[¶ 7.] In examining SDCL 11–6–19 alone, it appears that Pennington County would not be able to proceed with its proposed renovation until the project was

approved by the Rapid City Planning Commission because Rapid City has adopted a comprehensive plan. Yet, SDCL 11–6–20 and SDCL 11–6–21, provide exceptions to SDCL 11–6–19. SDCL 11–6–20 allows the municipal council to overrule a planning commission's disapproval of a project by a two-thirds vote. But SDCL 11–6–20 does not control this case because the Rapid City Common Council voted to disapprove Pennington County's change in use. Both parties agree that the applicable statute is SDCL 11–6–21. They disagree, however, on how the statute should be interpreted. Rapid City argues that under SDCL 11–6–19, the city must approve any "street, park, or other public way, ground, place, space, . . . [P]ublic building or structure, . . . public utility, whether publicly or privately owned," before any construction may begin or such structure may be used within its municipal boundaries. In the alternative, Rapid City argues that even if SDCL 11–6–21 authorizes the county commissioners to overrule the planning commission, it does not allow the county to "proceed" without city council approval. Pennington County asserts that state law requires it to provide jail facilities and that such facilities are included in SDCL 11–6–19 through 11–6–21. Further, the county contends that this statutory duty to provide jails exempts the county from complying with municipal zoning ordinances and regulations. Both the county and the circuit court construed the language in SDCL 11–6–21—"the planning commission's disapproval may be overruled by said board"—to mean that the county can overrule the city and proceed with its project.

[¶ 8.] To decipher SDCL 11–6–21, we divide the text of the statute into elements.

The first element is the "building . . . referred to in § 11–6–19." The jail-work release facility qualifies as a "building . . . referred to in § 11–6–19." The second element requires that the "financing of which [the jail-work release facility] does not . . . fall within the province of the council or other body or official of the municipality." Here, the jail-work release facility is financed by Pennington County, not Rapid City, so the "financing . . . does not . . . fall within the province of the . . . municipality." The third element states that "the board or official having such jurisdiction" shall submit the "building . . . referred to in § 11–6–19" to the planning commission. The board, i.e., the Pennington County Board of County Commissioners, in accord with SDCL 11–2–1(1), did in fact, submit the jail-work release facility project to the Rapid City Planning Commission. The final element authorizes the "said board" or "said official" to overrule the planning commission's disapproval "by a vote of not less than two-thirds of its entire membership." Indeed, more than two-thirds of the members of the Pennington County Board of County Commissioners did vote to overrule the planning commission's disapproval of the project.[2]

[¶ 9.] We believe that in enacting SDCL 11–6–21, the Legislature could foresee that the placement and construction of certain public facilities, like jails, may not be popular with city residents, so it provided a mechanism to authorize county construction of these facilities. Rapid City argues that even if SDCL 11–6–21 authorizes the county commissioners to overrule the planning commission, it does not allow the county to "proceed." We

---

2. Initially, the Pennington County Board of County Commissioners voted to overrule the Rapid City Common Council. The circuit court made note of this and allowed the Pen-nington County Board of County Commissioners to correct the vote at the next meeting to overrule the Rapid City Planning Commission's disapproval.

examine statutory construction de novo. *State v. Krahwinkel*, 2002 SD 160, ¶ 13, 656 N.W.2d 451, 458. We read statutes as a whole along with the enactments relating to the same subject. *Kayser v. South Dakota State Elec. Comm'n*, 512 N.W.2d 746, 747 (S.D.1994) (citations omitted).

[¶ 10.] Originally, SDCL 11–6–19 through 11–6–23 were enacted in the same section; therefore, we review the language of these statutes together. SDCL 11–6–20 provides that "upon such overruling the council or the appropriate board or officer shall have the power to proceed." Although SDCL 11–6–21 does not explicitly say so, the right to proceed is implied when the "board or official having such jurisdiction" overrules the planning commission. Thus, we conclude that SDCL 11–6–21 provides a mechanism to overrule a planning commission in order to construct and maintain a "street, park, or other public way, ground, place, space, . . . public building or structure, . . . public utility, whether publicly or privately owned" under SDCL 11–6–19. Under these statutes, Pennington County was not subject to Rapid City's zoning ordinances in the creation of its jail-work release facility.

[¶ 11.] Other jurisdictions have ruled likewise under the common law. Several courts addressing the issue of whether a county is subject to city zoning ordinances when constructing or renovating a county jail within municipal corporate limits have held that a county jail is a "necessary" or "essential" governmental function, thus counties are not subject to municipal zoning ordinances. *Lane v. Zoning Bd. of Adjustment of the City of Talladega*, 669 So.2d 958, 959 (Ala.Civ.App.1995) (operating a county jail is a governmental function); *County Comm'rs of Bristol v. Conservation Comm'n of Dartmouth*, 380 Mass. 706, 405 N.E.2d 637, 640 (1980) (operating a county jail is an essential governmental function); *Metro. Dade County v. Parkway Towers Condo. Ass'n*, 281 So.2d 68, 69 (Fla.Dist.Ct.App.1973) (county could override its own zoning as it "possessed the right at common law to place a governmental function [prison work release facility] on any site selected within the County as directed by the Board of County Commissioners"); *Los Angeles County v. City of Los Angeles*, 212 Cal.App.2d 160, 28 Cal.Rptr. 32, 34 (1963) ("essential functioning of the county"); *Green County v. City of Monroe*, 3 Wis.2d 196, 87 N.W.2d 827, 829 (1958).

[¶ 12.] County commissions in South Dakota are required by statute to establish and maintain county jails. When a county maintains and operates a county jail under the authority of SDCL 24–11–2 and SDCL 7–25–3, it acts in a governmental capacity.[3] *Jerauld County v. St. Paul–Mercury Indem. Co.*, 76 S.D. 1, 7, 71 N.W.2d 571, 574 (1955). The erection and operation of a county jail is a governmental function necessary to the general administration of justice and particularly in the enforcement of the criminal laws. *Green County*, 87 N.W.2d at 829 (Wis. 1958).

[¶ 13.] Rapid City contends that the "balancing of the interests" test set forth in *Lincoln County*, 257 N.W.2d at 457–58, controls this issue because the county is

---

**3.** A county commission has only those powers as are expressly conferred upon it by statute and such as may be reasonably implied from the powers expressly granted. *Heine Farms v. Yankton County ex rel. County Commissioners*, 2002 SD 88, ¶ 17, 649 N.W.2d 597, 601 (citing *State v. Quinn*, 2001 SD 25, ¶ 10, 623 N.W.2d 36, 38) (county has only such powers as are expressly conferred by statute and those reasonably implied from the powers expressly granted).

the intruding jurisdiction and the host jurisdiction is a municipality located within the county. In *Lincoln County,* the City of Sioux Falls attempted to build a solid waste facility in an area of Lincoln County where it did not have comprehensive planning or zoning jurisdiction. This Court held that the intruding governmental unit is bound by the zoning regulations of another governmental unit in the use of its extraterritorial property purchased or condemned, in the absence of specific legislative authority to the contrary. *Lincoln County,* 257 N.W.2d at 458.

[¶ 14.] Here, the circuit court ruled that the holding of *Lincoln County* is inapplicable, finding that the property in question is located within Rapid City, which is within Pennington County, and therefore, the use by the county is not extraterritorial.[4] We agree that the holding in *Lincoln County* is not applicable here because SDCL 11–6–21 specifically outlines the process for overruling a planning commission's disapproval of a county's attempt to create a county jail facility.

[¶ 15.] Affirmed.

[¶ 16.] GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, concur.

[¶ 17.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 18.] I dissent because the majority opinion's interpretation of the statute allows the County to completely override the will of City and its residents with no judicial recourse. In situations like this, the invading entity should be required to bring the case before the circuit court in accord with our decision in *Lincoln County v. Johnson,* 257 N.W.2d 453 (S.D.1977).

[¶ 19.] A dispute of this magnitude between two government entities requires an objective resolution as a matter of public policy. The interests of each government should be balanced to determine whether the County is entitled to grant itself a permanent variance from the City's comprehensive plan. Under the circuit court's ruling, counties are free to disregard municipal planning commissions. The requirement that the County submit its proposal to the planning commission is reduced to a procedural hoop. This reading of the statute renders the review contemplated by SDCL 11–6–19 and 11–6–21 superfluous because regardless of the Commission's recommendation, the County is entitled to proceed unilaterally. When interpreting statutes, we are charged with the duty to avoid absurd results. *Helmbolt v. LeMars Mut. Ins. Co., Inc.,* 404 N.W.2d 55, 59 (S.D.1987) (citations omitted). An opinion that turns statutory requirements into an exercise in futility violates that duty and should not be permitted to stand. If that occurs here, the South Dakota Legislature should promptly overrule this case with remedial legislation.

[¶ 20.] The fact that this work-release facility will be placed within a block of one of the City's high schools may be palatable because the building previously served as a juvenile detention center. That question should be determined on the merits by an objective fact finder, the circuit court. Taking the majority opinion's interpretation of the statute to its logical end shows the alarming potential results. For example, this holding allows a county to purchase land on Main Street in any South Dakota town or city and place a sewage treatment plant on that parcel. The municipal government would have no means

---

**4.** The circuit court quoted Black's Law dictionary to define "extraterritorial" as " 'beyond the geographic limits of a particular jurisdiction[.]' "

to prevent this happening because the County remains free to disregard the city's zoning ordinances with no objective analysis of the respective interests of the City and the County. This reading of the statute renders planning commissions and city councils impotent in cases where the County owns or purchases land within the City.

[¶ 21.] Under the majority opinion's reading, the requirement that the County submit its proposal to the City Commission is absurd because the County may proceed regardless of the Commission's disapproval. It is doubtful that the Legislature intended these results, and our holding in *Lincoln County* prevents these results when, as here, there is an intergovernmental dispute over land use. I would reverse and remand for a proper balancing of the parties' interests by the circuit court.