CITY OF MILWAUKEE, Appellant, vs. McGREGOR and others,
                        Respondents.

                    *May 12—June 3, 1909.*

*Statutes: Prohibitions: Operation on the state: Title to state prop-
    erty: Erection of buildings by state boards: Municipal regula-
    tions: Building permits.*

1. Statutes in general terms do not affect the state if they tend in
   any way to restrict or diminish its rights or interests.
2. General prohibitions in general laws, or in a city ordinance made
   pursuant to general charter authority, apply to all private par-
   ties but are not rules of conduct for the state.
3. The state may have the benefit of general laws but is not ad-
   versely affected by any unless it is so expressly provided.
4. A state board empowered to take and hold the title to property
   for state purposes does not own such property in any proprie-
   tary sense,—it is state property, to all intents and purposes, the
   same as in case of title thereto being formally vested in the
   state.
5. In case of the construction of a building by a state board for
   state purposes under state authority the matter is wholly of
   state concern and not under any general state or municipal
   regulation.
        [Syllabus by MARSHALL, J.]

    APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*
    Equitable action by the plaintiff, upon complaint of its
building inspector, against the members of the Board of Nor-
mal School Regents of the State of Wisconsin, their contract-
ors and architect, to prevent continuation of the erection of
a normal school building in the city of *Milwaukee,* which had
been partially constructed by them, upon the ground that a
building permit had not been obtained from complainant pur-
suant to the ordinances of said city, without which such erec-
tion was claimed to be unlawful. A temporary injunction
was duly obtained. On motion it was dissolved, the action
dismissed, and judgment rendered accordingly, upon the
ground that it conclusively appeared from the complaint and

other papers in the case that the structure which defendants were erecting was for the state of Wisconsin under express legislative authority, and that the ordinances of the city of *Milwaukee* had no application to the case.

Ch. 175, Laws of 1905, and ch. 505, Laws of 1907, empowered the Board of Normal School Regents to erect a normal school building in the city of *Milwaukee* according to plans adopted by such board and approved by the governor. It appeared that the building in question, at the time of the commencement of this action, was, as claimed, in process of being erected under such authority and that all of the conditions precedent to such erection, prescribed by such authority, had been fully complied with.

For the appellant there was a brief by *John T. Kelly,* city attorney, and *Walter H. Bender,* assistant, and oral argument by *Mr. Kelly.*

For the respondents there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and *Theodore Kronshage, Jr.,* of counsel, and oral argument by *Mr. Titus* and *Mr. Kronshage.*

Marshall, J.   The only question requiring solution upon the appeal is this: Do the provisions of a city charter, and ordinances duly adopted pursuant thereto, regulating the construction of buildings in such city, apply to a public school building proposed to be erected or in process of erection for the state by the Board of Normal School Regents, under special legislative authority to erect the same according to plans adopted by it and approved by the governor? If not, the judgment appealed from is right.

Counsel for appellant present the case as if the Board of Normal School Regents is to be treated the same as an individual, acting for himself or for a private corporation, which is manifestly wrong. The building in question is for the public use as state property. The situation is the same as if

the structure was to be used for the care of the insane or for any other of the many state purposes which might be named. The fact that the board is made a state agency to take and hold title to property for state purposes does not cut any figure in the matter. The building is not designed to be, in any proper sense, the property of the board, except as representing the state.

So the question comes down to whether the ordinary charter and ordinance regulations of a city requiring submission to local supervision, as regards the manner of constructing, altering, and repairing buildings, have any application to state buildings. That must be answered in the negative. It is plainly so ruled by the familiar principle that statutes, in general terms, do not apply to acts of the state. Moreover, express authority to a state agency to do a particular thing in a particular way supersedes any local or general regulation conflicting therewith. *Sandberg v. State,* 113 Wis. 578, 89 N. W. 504; *Dollar Sav. Bank v. U. S.* 86 U. S. 227, 239; *U. S. v. Verdier,* 164 U. S. 213, 219, 17 Sup. Ct. 42; *Dist. of Columbia v. Johnson,* 165 U. S. 330, 17 Sup. Ct. 362.

The infirmity of appellant's position has been, from the first, in supposing that the state, in respect to constructing a building in the city of *Milwaukee,* has no more free hand than a private person or corporation, while the fact is that the people of the state, in their sovereign capacity, except as restrained by some constitutional limitation, and there is none in this case, is as exempt from mere general or local laws as the king was of old in the exercise of his sovereign prerogatives as "universal trustee" for his people. So it has been said, "The most general words that can be devised (for example, any person or persons, bodies politic or corporate) affect not" the sovereign "in the least, if they may tend to restrain or diminish any of his rights and interests." So general prohibitions, either express or implied, apply to all private parties, but "are not rules for the conduct of the state."

*Dollar Sav. Bank v. U. S., supra.* That has been applied in many ways. For examples: The state may sue as freely as an individual, but cannot be sued except by its consent. It may have the benefit of a general cost statute, but it is not liable for costs without express written law to that effect. It may plead the statutes of limitations the same as an individual, or recover interest as use or damages, but is not subordinate in adversary proceedings to the law on either subject, unless expressly named therein showing unmistakable legislative intent to that effect.

Applying the foregoing, it is plain, that the assumption by the building inspector of the city of *Milwaukee* of authority over the state agent in the execution of the statutory command to build the structure in question according to plans approved by the governor, was an unwarranted interference—a pure, but not intentional, of course, usurpation. The state was not only not expressly included in the charter power of regulation, but the general law of the state passed subsequently to the enactment of the charter quite plainly commanded the Board of Regents to erect the building without regard to the judgment of any one outside of its own members, except as to approval of the plans by the governor.

*By the Court.*—The judgment is affirmed.