654 So.2d 516 (1995)
CITY OF HATTIESBURG, a Municipal Corporation, and Ed Morgan, individually and as Mayor of Hattiesburg
v.
REGION XII COMMISSION ON MENTAL HEALTH AND RETARDATION.
No. 91-CA-00908-SCT.
Supreme Court of Mississippi.
April 13, 1995.
Paul Richard Lambert, Hattiesburg, for appellant.
Samuel E. Farris, Timothy M. Farris, Hattiesburg, for appellee.
En Banc.
BANKS, Justice, for the Court:
In this case we consider the question of whether a regional mental health commission is a state agency and if so, whether the commission is required to adhere to the municipal zoning ordinances of the city when selecting a regional mental health facility site. We conclude that the commission is obligated to abide by the municipal zoning ordinances despite its state agency status.

I
The Region XII Commission on Mental Health and Retardation (hereinafter Commission) is a regional mental health commission established pursuant to Section 41-19-33 of the Mississippi Code Annotated. The City of Hattiesburg (hereinafter City) is a municipal corporation duly incorporated and existing under the laws of the State of Mississippi.
The Commission entered into a purchase agreement for property located in a residential area in Hattiesburg, Mississippi, to be used as a transitional housing facility. Prior to purchasing this property, the Commission received written assurances from the City Zoning Official that the planned use of the subject property was permissible under applicable zoning ordinances and regulations of the City. However, many months later, the City advised the Commission that it must comply with land use regulations, zoning ordinances, and permit procedures of the City before using the property as intended.
At the request of the Commission, an Attorney General's Opinion was issued advising the parties that pursuant to section 41-19-33 of the Mississippi Code Annotated, which sets forth the duties and authority of commissions established by county supervisors, the Commission did "not have to comply with municipal building codes or zoning ordinances" and did "not have to obtain use permits from municipal zoning and planning commissions."
*517 The Commission subsequently filed a bill of complaint in the Chancery Court of Forrest County, Mississippi, requesting a temporary restraining order and claiming that the City's refusal to allow the Commission to use the property as intended, because of the alleged failure to obtain certain permits, was contrary to Mississippi law and the Attorney General's Opinion. The TRO was subsequently granted without notice to the City and upon ex parte presentation by the Commission through counsel.
The Commission then filed a motion for a summary judgement, claiming that the Commission was a subdivision of the State of Mississippi and, therefore, not subject to any zoning ordinances or regulations of or by the City.[1] In response, the City filed a memorandum of law in opposition to the motion for summary judgment claiming that the law clearly intended for municipal ordinances and regulations to be applied to state agencies and/or political subdivisions. To conclude otherwise, the City contended, would mean that "any political subdivision of the State of Mississippi could place any type of facility at any location within a municipality without any regard whatsoever to the general health or safety of its citizens." Furthermore, the City contended, the Commission's reliance on the Attorney General's Opinion was improper and misplaced.
In its final decree, the chancery court granted the summary judgment and enjoined the City from enforcing its zoning ordinances. The Court reasoned that based on the Attorney General's opinion and the case law, the Commission occupied the position and status of a subdivision or an agency of the state, possessing thereby the attribute of the sovereign and therefore immune to the zoning permit ordinances and regulations of the City. This appeal ensued.

II
Our statutory law provides that "the location of any mental illness and mental retardation facilities or service in any of the regions shall be determined by the regional commission." Miss. Code Ann. § 41-19-37. The law provides also, however, that a municipality is vested with the authority to regulate the location and use of buildings and structures for the purpose of promoting the general welfare of the community. Miss. Code Ann. § 17-1-3.
The City argues that although the Commission is granted the authority to determine the general "location" of any mental health facility, the Commission is not granted a statutory exemption from municipal zoning ordinances or building codes.
The Commission argues that although municipalities are vested with the authority to regulate and control the location and use of its land, this authority can only be asserted over entities other than the State of Mississippi, its agencies and its subdivisions. The Commission claims that it is a subdivision of the State of Mississippi, which enjoys sovereign immunity and is, therefore, not subject to municipal zoning ordinances and building codes.
It is clear that the Commission is a subdivision of the state. We have said as much in Region VII Mental Health v. Isaac, 523 So.2d 1013 (Miss. 1988) where we held that as a subdivision of the state of Mississippi, the mental health center had sovereign immunity and could not, therefore, be sued simply because it had liability insurance. Id. at 1015-1016, citing Joseph v. Tennessee Partner, Inc., 501 So.2d 371 (Miss. 1987) (emphasis added). The fact that the Commission is a state agency, however, does not ipso facto preclude it from adhering to the municipal ordinances regarding land use and permits concerning safety.
In support of its argument the Commission points to City of Jackson v. MS State Building Commission, 350 So.2d 63 (Miss. 1977). In Jackson, the State Building Commission filed a complaint alleging that the city had unlawfully demanded that the Commission's contractor obtain a building permit and pay the city building permit fee. Jackson, 350 So.2d at 63. The chancery court enjoined *518 the city from requiring the Commission or its contractor to obtain a building permit and to pay permit fees, to which the city appealed. Id. We affirmed and held that the State Building Commission had plenary power under the applicable statute to construct state buildings, and thus building codes of the municipality requiring building permit and prescribing fees did not apply to building erected for state by the State Building Commission. Id. at 66. Furthermore, we stated if the legislature had intended for the Commission or its contractors to submit plans and specifications for the construction of buildings and pay fees to municipalities for building permits, then that requirement would have been expressly stated. Id.
In Jackson, we adopted the rationale of two cases from other jurisdictions, Milwaukee v. McGregor, 140 Wis. 35, 121 N.W. 642 (1909), and Paulus v. City of St. Louis, 446 S.W.2d 144 (Mo. 1969). In Paulus, where the Missouri court considered the question of whether a city could collect a building permit fee from a contractor who was constructing a building for the state, held that "an ordinance does not apply to a state with reference to its own property unless the charter expressly gives the city authority to bind the state or the state waives its right to regulate its property." The McGregor court, in determining whether the provisions of a municipal charter and ordinances regarding the regulation of building construction applied to a public school building, held that "statutes, in general terms, do not apply to acts of the state" and "express authority to a state agency to do a particular thing in a particular way supersedes any local ... regulation conflicting therewith." McGregor, 140 Wis. at 37, 121 N.W. at 642, 643.
Nevertheless, the precedential value of Jackson was effectively limited to situations involving the building commission by the later decision of Robinson v. Indianola Municipal Separate School District, 467 So.2d 911 (Miss. 1985). Specifically, we stated that the Jackson case "correctly states the law as to the State Building Commission... . [T]he municipal school district does not enjoy the plenary power in the construction of schools that was granted to the Building Commission." Robinson v. Indianola Municipal Separate School District, 467 So.2d 911 (Miss. 1985). We held that although the school district was an arm of the sovereign, with the authority in site selection and planning, subject to the approval of the Educational Finance Commission, the city was also an arm of the sovereign with the right and duty to govern non-educational matters, including public safety and, therefore, it could enforce its off street parking ordinance with respect to the school district property. Id. at 917.
Thus, Robinson stands for the proposition that although it is recognized that both authorities are vested with some powers regarding construction and the selection of building sites, reasonable zoning restrictions aimed at public safety and the elimination of public nuisances may be enforced. The chancery court erred in concluding otherwise.

III
For the foregoing reasons, we find that the summary judgment was erroneously granted and we therefore, reverse and remand for further proceedings.[2]
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
NOTES
[1] The Commission has brought a cross appeal on the issues of damages, but because we reverse on direct appeal we need not reach this issue.
[2] We, of course, only reach the issue before us. We do not pass upon such other questions as may be involved in this litigation nor do we pass on any particular local regulation that the City may seek to employ.