IN THE SUPREME COURT OF MISSISSIPPI
NO. 2009-IA-01617-SCT

*KIMBALL GLASSCO RESIDENTIAL CENTER,*
*INC. AND VERA RICHARDSON*

*v.*

*TERRANCE SHANKS AS NEXT OF KIN OF LOIS*
*SHANKS*

DATE OF JUDGMENT:                          09/15/2009
TRIAL JUDGE:                               HON. ALBERT B. SMITH, III
COURT FROM WHICH APPEALED:                 BOLIVAR COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:                  WADE G. MANOR
                                           JAMIE LEIGH HEARD
ATTORNEY FOR APPELLEE:                     ELLIS TURNAGE
NATURE OF THE CASE:                        CIVIL - TORTS - OTHER
DISPOSITION:                               REVERSED AND RENDERED - 06/09/2011
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    Terrance Shanks filed this personal-injury action on behalf of his mother, Lois

Shanks, against Kimball Glassco Residential Center, Inc. and Vera Richardson.  Shanks

alleged that Lois was injured when Richardson lost control of a van she was driving, in

which Lois was a passenger.  Richardson filed a motion to dismiss, asserting that she was

employed by Delta Community Mental Health Service (DCMHS), not Kimball Glassco, and

that the action was barred by the one-year statute of limitations under the Mississippi Tort

Claims Act (MTCA).  Miss. Code Ann. § 11-46-11(3) (Rev. 2002).  Kimball Glassco's

answer asserted that Kimball Glassco is a state entity entitled to the protections of the MTCA.

¶2.     At the hearing on the motion to dismiss, Kimball Glassco and Richardson argued that Shanks's action was time-barred under the MTCA. The trial court denied the motion to dismiss, holding that the defendants had waived their statute-of-limitations defense by failing to timely raise and pursue the defense while actively participating in the litigation. The trial court held alternatively that the defendants were estopped from asserting the MTCA's one-year statute of limitations based on a misrepresentation by the Mississippi Tort Claims Board (MTCB) that DCMHS was not a state entity. This Court has granted the defendants' petition for an interlocutory appeal. Because the defendants did not waive their statute-of-limitations defense, and Kimball Glassco and Richardson were not equitably estopped by the misrepresentation of the MTCB, we reverse and render the decision of the trial court.

**FACTS**

¶3.     Shanks filed the instant lawsuit on April 8, 2008, alleging that, on April 15, 2005, Lois had been a passenger in an automobile owned by Kimball Glassco and driven by Richardson. Shanks claimed that Lois had been injured when Richardson negligently failed to keep a proper lookout and lost control of the automobile. Shanks alleged that Richardson was employed by Kimball Glassco, and that Kimball Glassco was vicariously liable for Richardson's negligence because the accident had occurred in the course and scope of Richardson's employment.

¶4.     Richardson filed a motion to dismiss, alleging that she was employed by DCMHS and that, because DCMHS is a state entity, she is entitled to the protections of the MTCA.

2

Richardson admitted that Shanks had given a notice of claim to DCHMS as required by Mississippi Code Section 11-46-11(3). However, she alleged that Shanks's lawsuit was time-barred by the MTCA's one-year statute of limitations. *See* Miss. Code Ann. § 11-46-11(3) (Rev. 2002). In its answer, Kimball Glassco averred that it is a corporation created under the laws of the State of Mississippi by the board of DCMHS. On that basis, Kimball Glassco asserted that it is a state entity covered by the MTCA. Kimball Glassco also averred that Richardson had been employed by DCMHS, not Kimball Glassco.

¶5. Shanks filed a response disputing the applicability of the MTCA and alleging that, in the July 28, 2006, letter, the defendants and the MTCB[1] had made misrepresentations that detrimentally had induced Shanks to file suit outside the MTCA's limitations period. Therefore, Shanks argued, the defendants were equitably estopped from relying on the MTCA statute of limitations as an affirmative defense. Shanks also argued that the statute of limitations was tolled by the defendants' fraudulent concealment. The same day, Shanks filed a motion for leave to amend the complaint to add the MTCB as a defendant and add claims for concealment, equitable and judicial estoppel, waiver, detrimental reliance, and deprivation of notice and due process of law.

¶6. In support of the equitable-estoppel argument, Shanks attached to the motion to amend a letter from Bruce Donaldson of the MTCB to Shanks's counsel, dated July 28, 2006. The letter acknowledged that Shanks had given a notice of claim to DCMHS and the Mississippi

---

[1] The powers and duties of the MTCB are codified at Mississippi Code Section 11-46-19 (Supp. 2010). These powers and duties include, *inter alia*, overseeing the Tort Claims Fund, assigning litigated claims to attorneys where necessary, and purchasing insurance policies for the protection of the State. *Id.*

3

Department of Mental Health.[2] The letter stated that the MTCB had been advised by the Mississippi Department of Mental Health that DCMHS was not a state agency or a department or division of the Mississippi Department of Mental Health. Shanks alleged that the MTCB's misrepresentation had induced him to file suit outside the one-year statute of limitations applicable to a state entity under the MTCA.

¶7. On June 8, 2009, Kimball Glassco and Richardson filed a notice of hearing of the Motion to Dismiss. The hearing occurred on August 19, 2009. On the day of the hearing, Shanks filed a supplemental response, claiming that the defendants had waived their affirmative defenses under the MTCA by failing to seek a timely hearing. The trial court held that Kimball Glassco and Richardson had waived their MTCA defenses because they had failed timely and reasonably to raise and pursue enforcement of those defenses while actively participating in the litigation. Alternatively, the trial court found that Kimball Glassco and Richardson were equitably estopped from pursuing their MTCA defenses based on the letter from the MTCB that stated DCMHS was not a state entity.

## STANDARD OF REVIEW

¶8. This Court applies de novo review to the grant or denial of a motion to dismiss or a motion for summary judgment. *Price v. Clark*, 21 So. 3d 509, 517 (Miss. 2009).

## DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN DENYING SHANKS'S MOTION TO DISMISS.

*A. Waiver*

---

[2] Shanks filed the notice of claim on April 4, 2006.

¶9.    The MTCA provides the exclusive civil remedy against a governmental entity and its employees. Miss. Code Ann. § 11-46-7(1) (Rev. 2002).   All actions brought under the MTCA are subject to a one-year statute of limitations, which is tolled by a timely-filed notice of claim. Miss. Code Ann. § 11-46-11(3) (Rev. 2002).  A party instigating a claim under the MTCA must file a notice of claim with the chief executive officer of the governmental entity ninety days before maintaining an action.  Miss. Code Ann. § 11-46-11(1) (Rev. 2002).

¶10.    A governmental entity includes the State and its political subdivisions. Miss. Code Ann. § 11-46-1(g) (Rev. 2002).   The "State" includes "the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority, or other instrumentality thereof, . . . ." Miss. Code Ann. § 11-46-1(j) (Rev. 2002).   The definition of "political subdivision" encompasses "any county, municipality, school district, community hospital . . . airport authority or other instrumentality thereof . . . ." Miss. Code Ann. § 11-46-1(i) (Rev. 2002).  Any claim against an employee of a governmental entity for acts arising out of his or her employment must be brought pursuant to the MTCA. Miss. Code Ann. § 11-46-7 (Rev. 2002).  In *City of Hattiesburg v. Region XII Commisson on Mental Health and Retardation*, 654 So. 2d 516,  517 (Miss. 1995), this Court held that a regional mental-health commission is a state agency.

¶11.    Kimball Glassco and Richardson assert that they are entitled to the privileges and immunities of the MTCA.  The trial court implicitly held that Kimball Glassco and Richardson were covered by the MTCA by holding that they had waived their MTCA defenses or were estopped from asserting them.  On appeal, Shanks does not dispute that Kimball Glassco and Richardson are covered by the MTCA.  Rather, Shanks argues that, as found by the trial court,

5

Kimball Glassco and Richardson either waived their MTCA defenses, or they are estopped from asserting them by the MTCB letter.

¶12.   Kimball Glassco and Richardson argue that the trial court erred by finding that they had waived their affirmative defenses by failing to timely and reasonably pursue those defenses while actively participating in the litigation. This Court has held that "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *MS Credit Ctr., Inc., v. Horton*, 926 So. 2d 167, 180 (Miss. 2006). To pursue an affirmative defense means "to plead it, bring it to the court's attention, and request a hearing." *Estate of Grimes v. Warrington*, 982 So. 2d 365, 370 (Miss. 2008) (citing *Horton*, 926 So. 2d at 181). Because MTCA immunity is considered to be an affirmative defense, this Court has held that a governmental entity's immunity under the MTCA is subject to waiver. *Id.*

¶13.   In his brief, Shanks makes several admissions that both Kimball Glassco and Richardson raised their MTCA defenses on May 12, 2008. Nothing further transpired in the case until April 6, 2009, when Shanks noticed the service of discovery on the defendants, including interrogatories, requests for production of documents, and requests for admissions. On May 14 and May 22, 2009, the defendants served discovery responses on Shanks. The trial court's order recites correspondence between the parties concerning the motion to dismiss as follows:[3]

---

[3] Although copies of this correspondence are included in Kimball Glassco's and Richardson's record excerpts, this correspondence was not made a part of the official record in this case. This correspondence and other extra-record documents included in the record excerpts are the subject of a motion to dismiss filed by Shanks. "'[T]his Court will not

6

Correspondence dated June 27, 2008 from defense counsel to counsel for the Plaintiff reaffirmed the Defendant's assertion of the statute of limitations defense. On January 13, 2009, counsel for the Defendants against [sic] asserted the same position and informed Plaintiff's counsel of his intent to set the motion for hearing. On April 8, 2009, available hearing dates were provided by defense counsel to counsel for the Plaintiff. After receiving no response from Plaintiff's counsel, on May 12, 2009, counsel for the Defendant again requested dates that Plaintiff's counsel could be made available for hearing. On May 21, 2009, Plaintiff's counsel responded by requesting additional dates for the following month. Finally, on June 4, 2009, counsel for both parties agreed on a hearing date. On June 8, 2009, Defendants formally noticed their Motion to Dismiss for hearing. On August 19, 2009, a hearing was held on Defendants' Motion to Dismiss.

¶14. Thus, after the defendants had asserted their statute-of-limitations defense, the case lay dormant on the docket for approximately eleven months, from May 12, 2008, until April 6, 2009. During this dormancy period, on January 13, 2009, Kimball Glassco and Richardson asserted their statute-of-limitations defense in correspondence to Shanks. Approximately three months later, on April 6, 2009, Shanks served discovery on the defendants. Two days later, Kimball Glassco and Richardson proposed available hearing dates for the motion to dismiss. When they received no response from Shanks, they again requested proposed hearing dates on May 12, 2009. They responded to Shanks's discovery requests on May 14 and May 22. On May 21, 2009, Shanks responded with proposed hearing dates. On June 4, 2009, both parties'

consider matters which do not appear in the record and must confine itself to what actually does appear in the record.'" *Rushing v. State*, 711 So. 2d 450, 454 (Miss. 1998) (quoting *Medina v. State*, 688 So. 2d 727, 732 (Miss. 1996)). If a party believes that the appellate record contains errors or omissions, the proper procedure for "Correction or Modification of the Record" is outlined in Mississippi Rule of Appellate Procedure 10(e). *See* M.R.A.P. 10(e). This Court will not consider the extra-record materials filed with the record excerpts, and Shanks's motion to strike these materials is granted. However, it is apparent from the trial court's order that the correspondence was considered by the trial court in making its ruling. Because this order is a part of the official record, we are able to rely on its discussion of the correspondence in determining the issues on appeal.

counsel agreed to a hearing date. Kimball Glassco noticed the hearing on the motion to dismiss on June 8, 2009, and it occurred on August 19, 2009.

¶15.   In *Horton*, the defendants asserted their right to arbitration in their answer, but then they participated in the litigation by consenting to a scheduling order, engaging in discovery, and taking a deposition. *Horton*, 926 So. 2d at 180. After eight months of substantial participation in the litigation, they filed a motion to compel arbitration. *Id.* This Court held that the defendants had waived their right to compel arbitration by substantially participating in the litigation for eight months. *Id.* at 181. The Court held that the determination of whether a delay in pursuing an affirmative defense is unreasonable is subject to a case-by-case analysis, and that no minimum number of days would constitute an unreasonable delay in every case. *Id.* The Court stated that:

> [O]rdinarily, neither delay in pursuing the right to compel arbitration nor participation in the judicial process, standing alone, will constitute a waiver. That is to say, a party who invokes the right to compel arbitration and pursues that right will not ordinarily waive the right simply because of involvement in the litigation process, and a party who seeks to compel arbitration after a long delay will not ordinarily be found to have waived the right where there has been no participation in, or advancement of, the litigation process.

*Id.* at 180. However, the Court stated that "[w]e do hold . . . that – absent extreme and unusual circumstances – an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law." *Id.* at 181.

¶16.   Shanks admits that Kimball Glassco and Richardson timely raised the statute-of-limitations defense on May 12, 2008. The trial court found that they had waived the defense

8

by failing to pursue it by timely noticing a hearing on the motion to dismiss. The record reveals an approximately eleven-month delay during which nothing occurred of record in the case. During this time, Kimball Glassco and Richardson requested that Shanks propose dates for a hearing on the motion to dismiss. Activity of record resumed on April 6, 2009, when Shanks served discovery requests on the defendants. At that point, the defendants promptly requested that Shanks propose hearing dates. Upon receiving no response to two requests for proposed hearing dates, the defendants responded to the discovery requests a few days after the thirty-day deadline for discovery responses had passed. *See* M.R.C.P. 33(b)(3), 34(b), 36. Finally, the parties agreed on a hearing date for the motion to dismiss.

¶17. The facts in this case do not indicate that Kimball Glassco and Richardson waived their MTCA defenses. Although there was an approximately eleven-month delay in the case, during the delay no party took any action to advance the litigation. During the delay, Kimball Glassco and Richardson pursued their affirmative defense by informing Shanks of their intent to seek a hearing on the motion to dismiss. When Shanks resumed activity in the case by filing discovery, Kimball Glassco and Richardson immediately resumed their effort to secure proposed hearing dates for the motion to dismiss. Although Kimball Glassco and Richardson responded to the discovery requests, they were required to do so by the Rules of Civil Procedure, and they simultaneously sought opposing counsel's agreement on proposed hearing dates on the motion to dismiss. The record shows that Kimball Glassco and Richardson acted reasonably in pursuing the statute-of-limitations defense and that their conduct did not operate as a waiver.

B. *Equitable Estoppel*

9

¶18.    The trial court alternatively found that the MTCB's letter equitably estopped Kimball Glassco and Richardson from asserting their MTCA defenses.  In the letter, the MTCB informed Shanks that it had received the notice of claim which Shanks had directed to the Mississippi Department of Mental Health.  The MTCB stated that the Mississippi Department of Mental Health had advised the MTCB that DCMHS was not a state agency or a department or division of the Mississippi Department of Mental Health.  The MTCB stated that, for this reason, it was unable to consider the claim. The trial court held that Shanks detrimentally had relied upon this letter in concluding that DCMHS was not a governmental entity covered by the MTCA, and in waiting to sue Kimball Glassco and Richardson until after the expiration of the one-year statute of limitations under the MTCA.

¶19.    Kimball Glassco and Richardson argue that the trial court's ruling was error because the elements of equitable estoppel were not met.  Equitable estoppel is generally defined as "the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed." *Simmons Housing, Inc. v. Shelton*, 36 So. 3d 1283, 1287 (Miss. 2010) (quotation omitted).  Because equitable estoppel is an extraordinary remedy, it is one that should be applied with caution. *Id.* "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations," including the statute of limitations under the MTCA. *Trosclair v. Miss. Dep't of Transp.*, 757 So. 2d 178, 181 (Miss. 2000).

¶20.    For the doctrine of equitable estoppel to apply, the plaintiff must have relied on a misrepresentation by the defendant and not on a misrepresentation by some other individual or

entity. For example, in *Trosclair*, this Court found that the Mississippi Department of Transportation (MDOT) was equitably estopped from asserting the MTCA statute of limitations because it erroneously had informed the plaintiff that certain roadwork had been performed by a private entity, when, in fact, it had been performed by MDOT. *Id.* Assuming for the sake of argument that Shanks can establish that the MTCB letter contained a misrepresentation, Shanks's allegation is that it was the MTCB, not Kimball Glassco, Richardson, or her employer, DCMHS, that erroneously informed Shanks that DCMHS was a nongovernmental entity. And, according to the letter, it was the Mississippi Department of Mental Health, not Kimball Glassco, DCMHS, or Richardson that had provided the MTCB with that alleged misinformation. There was no showing of inequitable conduct on behalf of Kimball Glassco or Richardson. We find that no action by Kimball Glassco or Richardson reasonably could have induced Shanks to believe Kimball Glassco and Richardson were not entitled to the privileges and immunities of the MTCA. The trial court erred by finding that the doctrine of equitable estoppel prevented Kimball Glassco and Richardson from asserting the MTCA statute of limitations.

II.    WHETHER THIS MATTER SHOULD BE REMANDED FOR A DETERMINATION OF LOIS'S COMPETENCY.

¶21.    Before the briefing was completed, Shanks filed a motion to remand for a determination of unsoundness of mind concerning Lois. In support of the motion, Shanks filed copies of a 1999 court order committing Lois to the Mississippi State Hospital, medical records, and a 2000 court order for continued treatment through outpatient commitment. In the motion, Shanks argues that a determination of unsoundness of mind is required because, if Lois was under a

11

disability on the date of her accident on April 15, 2005, then the one-year statute of limitations under the MTCA would not begin to run until the removal of the disability. Mississippi Code Section 11-46-11(4) provides:

> From and after April 1, 1993, if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. § 11-46-11(4) (Rev. 2002). To invoke this statute, the claimant need not show a formal adjudication of incompetency, but may "present alternative evidence to prove that he lacked the requisite understanding for handling his legal affairs." *Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So. 2d 388 (Miss. 1998).

¶22. We find that Shanks's motion is not well-taken. First, Shanks did not request a determination of unsoundness of mind from the trial court; issues not raised in the trial court are barred from consideration at the appellate level. *Town of Terry v. Smith*, 48 So. 3d 507, 509 (Miss. 2010). Second, because Shanks brought this action on behalf of Lois, and Lois is not the plaintiff in this case, Lois's competence to assert her rights in this lawsuit is not at issue. *See U.S. Fid. & Guar. Co. v. Conservatorship of Melson*, 809 So. 2d 647, 654 (Miss. 2002). Shanks's authority to assert Lois's rights in this lawsuit has never been questioned. We deny Shanks's motion to remand for a determination of unsoundness of mind.

## CONCLUSION

¶23. We hold that the trial court erred by finding that waiver and estoppel barred Kimball Glassco and Richardson from asserting the statute of limitations under the MTCA. Shanks

12

filed the complaint after the expiration of the one-year statute of limitations. Therefore, we reverse the denial of the motion to dismiss, and render a judgment in favor of Kimball Glassco and Richardson.

¶24. **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH, PIERCE AND KING, JJ., CONCUR. KITCHENS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., AND LAMAR, J. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**

**KITCHENS, JUSTICE, CONCURRING IN RESULT ONLY:**

¶25. While I agree that the doctrine of equitable estoppel[4] is not applicable in this case, I respectfully disagree with the majority's reasoning. The majority finds that Kimball Glassco and Richardson are not equitably estopped from asserting the Mississippi Tort Claims Act's (MTCA's) one-year statute of limitations because it was the Mississippi Tort Claims Board, and not Kimball Glassco or Richardson, that made the alleged misrepresentation. However, the doctrine of equitable estoppel does not apply, because the board in fact never represented to the plaintiff that Delta Community Mental Health Service (DCMHS) was not covered by the Mississippi Tort Claims Act (MTCA).

¶26. The Tort Claims Fund was established in accordance with Mississippi Code Section 11-46-17, and distinguishes between "governmental entit[ies]" and "political subdivisions." Subsection (1) provides that "each governmental entity *other than political subdivisions* shall participate in a comprehensive plan of self-insurance and/or one or more policies of liability

---

[4]In his brief, the plaintiff does not address this issue, although he did raise it in the trial court.

insurance administered by the Department of Finance and Administration," while subsection (3) requires "political subdivisions" to obtain insurance or establish insurance reserves on their own. Miss. Code Ann. § 11-46-17 (Rev. 2002) (emphasis added). "Political subdivision" is defined as "any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than the state, including but not limited to any county, municipality, school district, community hospital . . . , airport authority, or other instrumentality thereof . . . ." Miss. Code Ann. § 11-46-1(i) (Rev. 2002). Thus, the state has its own claim fund separate and apart from those of its "political subdivisions," and the Mississippi Tort Claims Board is vested with the authority to oversee and administer this fund. Miss. Code Ann. § 11-46-19 (Rev. 2002). While the board may "review and approve or reject any plan of liability insurance or self-insurance reserves proposed or provided by political subdivisions," it does not assign claims to attorneys or purchase insurance policies for the "political subdivisions." Miss. Code Ann. § 11-46-19 (d),(h),(l) (Rev. 2002). *See* Maj. Op. n.1.

¶27. The letter of July 28, 2006, from the MTCB simply stated that DCMHS was not covered by the state fund under Section 11-46-17(1); it did not foreclose, or even speak to, the question of whether DCMHS was a "governmental entity" entitled to immunity under Mississippi Code Section 11-46-11. The text of the letter, in its entirety, stated:

> This will acknowledge receipt of your notice of claim letter directed to the Mississippi Department of Mental Health concerning the above referenced matter.

> We have been in contact with the Mississippi Department of Mental Health concerning this matter and advised that Delta Community Mental Health Service is not a state agency nor is it a department or division of the Mississippi Department of Mental Health.

14

For these reasons, we will unfortunately be unable to consider this claim. We regret we will be unable to assist you or your client any further in this respect.

The board was merely notifying the plaintiff that it would not be handling the claim, but it never said that DCMHS was not entitled to the protections of the MTCA.[5] Therefore, the plaintiff cannot rely on the doctrine of equitable estoppel because the board did not make any misrepresentation to the plaintiff. For these reasons, I respectfully concur in result only.

**CARLSON, P.J., AND LAMAR, J., JOIN THIS OPINION.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶28. The majority's claim that we employ a *de novo* standard of review is misleading. While we review de novo the grant or denial of a motion to dismiss, the real issue before this Court is whether Kimball Glassco and Richardson waived their Mississippi Tort Claims Act (MTCA) defenses, and we review waiver issues under an abuse-of-discretion standard.[6]

¶29. Kimball Glassco and Richardson raised their MTCA defenses on May 12, 2008, but waited thirteen months to set them for hearing. The trial judge held the defenses were waived.[7] Because the majority holds that the trial judge abused his discretion, I must dissent.

¶30. The majority's sole basis for reversing the trial judge is some alleged correspondence

---

[5]The majority is correct that "a regional mental health commission is a state agency," for immunity purposes, but regional mental health commissions are created, funded, and governed at the county level. *See* Miss. Code Ann. §§ 41-19-31 to 41-19-43 (Rev. 2009). Thus, DCMHS is a "political subdivision" that does not pay into the state Tort Claims Fund. Miss. Code Ann. § 11-46-17 (Rev. 2002).

[6] *See* ***Miss. Credit Ctr., Inc. v. Horton***, 926 So. 2d 167, 181 (Miss. 2006).

[7] *See* ***id.*** at 180 (defendant must pursue dispositive affirmative defense); ***Estate of Grimes v. Warrington***, 982 So. 2d 365, 370 (Miss. 2008) (defendant must plead dispositive affirmative defense, bring it to court's attention, and request hearing).

15

from defense counsel to counsel for the plaintiff. I find it ironic that, in making his ruling, the trial judge referred to correspondence not found in the record; and the majority now relies on that same correspondence to reverse him, even though the trial judge had the opportunity to read the correspondence, and the majority didn't. Because this alleged correspondence is not in the record, I find it highly improper for us even to consider it.

¶31. But even if the correspondence was in the record in exactly the same form as recited within the trial judge's order, I would still hold the trial judge did not abuse his discretion in holding the defenses were waived. My reasons are these:

(1)    The June 27, 2008, letter neither mentioned nor requested a hearing on the defenses;

(2)    For seven months following the June 27 letter, defense counsel did nothing whatsoever to advance the defenses.

(3)    In correspondence to the plaintiff's counsel dated January 13, 2009, the defendants still did not request a hearing date for the defense.

(4)    On April 6, 2009, the plaintiff served discovery on the defendants, including interrogatories, requests for production of documents, and requests for admission.

(5)    On May 14 and May 22, 2009, the defendants served discovery responses on Shanks, thereby participating in the litigation. Still, no notice of a hearing on their affirmative defenses.

(6)    It was not until April 8, 2009 – **eleven months** after the defenses were asserted – that counsel for the defendants first provided available hearing dates to plaintiff's counsel.

(7)    Then, the defendants waited another two months to set the matter for hearing.

¶32. The question is not whether the justices on this Court think these facts amount to a waiver; the question is whether the trial judge – having found a waiver – abused his discretion.

16

I do not believe the record before us justifies a finding that he did.  I would affirm the trial judge's holding that the defendants waived their MTCA defenses.  Because the majority holds otherwise, I respectfully dissent.