IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

NO. 2014-CA-01171-COA

WILLIAM MARBLY                                                    APPELLANT

v.

KEVIN MANUEL AND CITY OF CLARKSDALE,                APPELLEES
MISSISSIPPI

DATE OF JUDGMENT:              08/04/2014
TRIAL JUDGE:                   HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:     COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        D. REID WAMBLE
ATTORNEY FOR APPELLEES:        MITCHELL ORVIS DRISKELL III
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:       FOUND NOTICE OF CLAIM DID NOT
                               SUBSTANTIALLY COMPLY WITH THE
                               REQUIREMENTS OF THE MISSISSIPPI
                               TORT CLAIMS ACT
DISPOSITION:                   REVERSED AND REMANDED - 08/11/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

        BEFORE GRIFFIS, P.J., ISHEE AND CARLTON, JJ.

        ISHEE, J., FOR THE COURT:

¶1.     In 2013, William Marbly was injured in an automobile accident caused by a City of

Clarksdale employee, Kevin Manuel.  Marbly filed a complaint against Manuel and the city

in the Coahoma County Circuit Court on February 4, 2014, seeking recovery of damages for

his injuries.  On March 18, 2014, Manuel and the city filed a motion to dismiss in which they

claimed Marbly had failed to comply with the requirements set forth by the Mississippi Tort

Claims Act (MTCA).  The circuit court granted the motion to dismiss, and Marbly filed this

appeal.

# FACTS

¶2. On March 5, 2013, Marbly was involved in an automobile accident. He was rear-ended by Manuel, an employee of the City of Clarksdale, while stopped at an intersection. Following the accident, Marbly's attorney sent a certified letter dated August 29, 2013, to Bill Luckett, mayor of the city, informing him of Marbly's claim pursuant to the MTCA. The letter contained the following heading: "NOTICE OF CLAIM PURSUANT TO MISSISSIPPI TORT CLAIMS ACT." It read:

> Dear Mayor Luckett:
>
> Please be advised that I represent William Marbly[,] whose residence at the time of injury and at the time of filing of this notice is . . . Clarksdale, MS 38614.
>
> On March 5, 2013, my client, William Marbly[,] was injured in a motor vehicle crash, when City of Clarksdale employee, Kevin Manuel, who was driving a City of Clarksdale truck, while in the scope and course of his employment for the City of Clarksdale, ran into the rear of Mr. Marbly's vehicle at the intersection of State Street and Madison Ave. This letter will serve to document and to advise that William Marbly suffered both personal injuries and property damage as the proximate result of the negligent actions [of] Kevin Manuel. Mr. Marbly was employed by the United States Army at the time of the collision and was unable to work as a proximate result of his injuries. Mr. Marbly's medical bills to date[,] which were incurred as a proximate result of the wreck[,] are $3,500.00.
>
> Pursuant to Miss. Code Ann. Sec. 11-46-11, et al. [sic], I am required to first notify you by registered or certified mail of my intention to file suit, before filing a civil lawsuit, in hope of resolving the case.
>
> This letter will serve to document and to advise that Mr. Marbly makes a claim and settlement demand against Kevin Manuel and City of Clarksdale for $25,000.00.
>
> Please accept this letter as your notice of this claim. Please take action pursuant to law to pay this claim.

This letter will serve to document and to advise that if you do not immediately settle this claim, that I will file suit demanding all damages allowed by Mississippi law. This letter will further serve to document and to advise you that if you choose to deny this claim or if you do not intend on immediately settling this claim, that pursuant to Miss. Code Ann. Sec. 11-46-11, that you please notify me by letter of your "Notice of Denial of Claim."

Your consideration of this letter is appreciated. I look forward to your reply.

¶3. When Marbly did not receive a settlement offer from the city, he filed a complaint in the circuit court. The complaint alleged that Manuel was negligent in causing the accident that injured Marbly, and that the city was liable under the doctrine of respondeat superior. Manuel and the city filed a motion to dismiss and argued that Marbly's letter did not constitute sufficient notice in accordance with Mississippi Code Annotated section 11-46-11. In their motion, they asserted that Marbly failed to provide substantial details regarding the extent of Marbly's injury as required by the statute. A hearing was held, and the motion to dismiss was granted by the circuit court.

## STANDARD OF REVIEW

¶4. "[T]his Court reviews errors of law, which include the proper application of the [MTCA], de novo." *Fairley v. George Cnty.*, 871 So. 2d 713, 716 (¶7) (Miss. 2004). We also review a circuit court's grant or denial of a motion to dismiss utilizing a de novo standard of review. *Kimball Glassco Residential Ctr. Inc. v. Shanks*, 64 So. 3d 941, 944 (¶8) (Miss. 2011) (citing *Price v. Clark*, 21 So. 3d 509, 517 (¶10) (Miss. 2009)).

## DISCUSSION

¶5. "Any tort claim filed against the government, or an employee thereof, must be brought under the MTCA, the exclusive civil remedy against the government or its employees 'for

3

acts or omissions which give rise to a suit.'" *Watkins ex rel. Watkins v. Miss. Dep't of Human Servs.*, 132 So. 3d 1037, 1042 (¶15) (Miss. 2014) (citation omitted). Before a claimant files suit against a governmental entity, a notice of claim must first be filed with that entity. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (¶9) (Miss. 2008) (citing Miss. Code Ann. § 11-46-11(1)-(2) (Rev. 2002)). Section 11-46-11(2) reads as follows:

> Every notice of claim shall:
>
> > (i) Be in writing;
> >
> > (ii) Be delivered in person or by registered or certified United States mail; and
> >
> > (iii) Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

¶6. It is well settled that Mississippi law requires substantial compliance with the notice provisions of the MTCA. *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1255 (¶7) (Miss. 2006). "[T]he purpose of the [MTCA] is to [e]nsure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." *Lee*, 999 So. 2d at 1266 (¶9).

¶7. This Court has held that "[t]he determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoc basis."

4

*Webster v. City of D'Iberville City Council*, 6 So. 3d 448, 451 (¶8) (Miss. Ct. App. 2009) (citation omitted). In his appeal, Marbly argues that his notice substantially complied with the provisions of the statute, but Manuel and the city claim that Marbly was deficient in describing the extent of his injuries. Marbly, however, maintains that he did not yet know the exact extent of his injuries at the time he filed the notice.

¶8. In granting the motion to dismiss, the circuit court compared the present case to *Fairley v. George County*, 871 So. 2d 713 (Miss. 2004). In *Fairley*, the plaintiff was injured when she lost control of her vehicle while traveling on a gravel road that was maintained by George County, Mississippi. *Id*. at 715 (¶1). Her attorney sent a letter to the George County Board of Supervisors referencing "a single-vehicle accident on River Road in George County on May 30, 1996, due to gravel on the road." *Id*. The letter further stated that the plaintiff "sustained personal injuries and/or property damage and asked the Board to forward the letter to its liability insurance carrier." *Id*. In its motion for summary judgment, the County argued that the notice contained the following deficiencies:

> [The] letter [(1)] was not . . . sent registered mail or certified mail, nor was it delivered in person; (2) did not contain a short and plain statement of the facts with regard to circumstance of injury; (3) did not give the extent of injuries; (4) did not give the name of all persons; (5) did not list the damages sought; and (6) did not give the residence of the claimant.

*Id*. at 718 (¶12). The Mississippi Supreme Court found that the notice had not substantially complied with the statute in that the plaintiff had "made no attempt to comply with at least six statutorily required factors. *Id*. at (¶13).

¶9. This case differs from *Fairley* in that Marbly provided information about each of the

5

seven statutorily required categories. "If some information is provided in each of the seven required categories, this Court must determine whether the information is substantial enough to be in compliance with the statute." *Webster*, 6 So. 3d at 451 (¶9). Marbly maintains that his notice substantially complied with the MTCA requirements in that "it set forth everything that the [c]ity . . . needed to know in order to respond" to Marbly's claims.

¶10.    We agree and find that in this case, Marbly did substantially comply with the MTCA requirements. Marbly's notice was in writing, delivered via certified mail, and contained a short and plain statement of the facts upon which his claim was based. In addition, Marbly included the time and place that his injury occurred, the name of the person known to be involved, the amount of damages he sought to recover, and his address. Although Marbly maintains that he did not know the extent of his injuries at the time of the notice, his letter did state that he had suffered personal injuries and property damage, and that he had incurred medical bills in the amount of $3,500 as of that date.

¶11.    The purpose of the statutory notice requirements is to inform the recipient of the situation so that prelitigation settlement or other corrective action may be taken without the use of the courtroom. *Lee*, 999 So. 2d at 1266 (¶9). We find that Marbly's letter sufficiently notified the city of the events and surrounding circumstances such that the notification requirements under the MTCA were met.

## CONCLUSION

¶12.    Because we find that Marbly's notice letter sent by counsel substantially complied with the MTCA notice provisions, we reverse and remand this case to the Coahoma County

6

Circuit Court for proceedings consistent with this opinion.

**¶13. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL AND WILSON, JJ., NOT PARTICIPATING.**