# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-SA-00231-COA

**JOY RENEE KEEVER**                                                                 **APPELLANT**

**v.**

**MISSISSIPPI INSTITUTIONS OF HIGHER**                              **APPELLEES**
**LEARNING, UNIVERSITY OF MISSISSIPPI**
**AND UNIVERSITY OF MISSISSIPPI ATHLETIC**
**DEPARTMENT**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2017 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WAYNE E. FERRELL JR. |
| ATTORNEYS FOR APPELLEES: | J. CAL MAYO JR. |
| | SARAH KATHERINE EMBRY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AS MODIFIED - 04/30/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### BARNES, C.J., FOR THE COURT:

¶1.     On March 8, 2013, Joy Keever and a business associate were at the University of Mississippi's (University) campus in Oxford, in the course and scope of their employment with a company called 501C Solutions. After meetings with the University's Athletic Association, they attended a baseball game at the University's invitation. Afterward, they were walking to their car when a four-wheeler owned and operated by the University came up behind them suddenly. Keever jumped out of the way to avoid being hit, tripped on some rough asphalt, and fell to the ground, crushing the radius and ulna of her left forearm.

¶2.     On July 31, 2013, Keever's attorney in Alabama mailed a notice of claim to the University's human resources director in accordance with the Mississippi Tort Claims Act (MTCA).[1]  The University's insurance carrier denied the claim on October 2, 2013.  Keever retained the services of a Mississippi attorney, Wayne Ferrell Jr., who sent a second notice of claim to the University's chancellor and the Mississippi Institutions for Higher Learning on March 3, 2014.[2]

¶3.     Due to the one-year statute of limitations, Keever filed a complaint against the University on March 7, 2014, in the Hinds County Circuit Court.  The University filed a motion to dismiss the action for failure to comply with the MTCA's pre-suit notice requirements in Mississippi Code Annotated section 11-46-11(2) (Rev. 2012), which requires certain categories of information be included in the notice of claim.  The University also moved to transfer venue to the Lafayette County Circuit Court.  Keever filed two subsequent complaints—one on June 9, 2014, and one on June 11, 2014—in which she named additional defendants.  The University filed a second motion to dismiss on July 10, reiterating Keever's failure to comply with the pre-suit notice requirements under the MTCA.

¶4.     After Keever moved to consolidate the three complaints in Hinds County, the University filed a motion to transfer the cases to Lafayette County, which the Hinds County Circuit Court granted on March 15, 2016.  A motions hearing was held in Lafayette County

---

[1] Mississippi Code Annotated section 11-46-11(1) (Rev. 2012) provides that a person with a claim against a governmental entity "must file a notice of claim with the chief executive officer of the governmental entity" at least ninety days prior to bringing suit.

[2] We will refer to the Appellees collectively as the "University."

2

on July 19, 2016. The circuit court entered an order on September 19, 2016, granting the consolidation of the cases.[3]

¶5. On January 3, 2017, the circuit court granted the University's motions to dismiss on the grounds that Keever's notice of claim letters failed to provide the University with: (1) the amount of damages sought; (2) Keever's residential address at the time of injury; and (3) Keever's residential address at the time the letter was mailed to the University. The court entered a final judgment under Mississippi Rule of Civil Procedure 54(b) on January 26, and Keever appeals.

¶6. Because Keever's notice of claim did not substantially comply with the MTCA's notice requirements, we find that the circuit court did not err in granting the motions to dismiss. However, because Keever's March 2014 complaint was properly filed within one year of the incident, thereby tolling the statute of limitations, we find that the court erred in dismissing the claim with prejudice.

## STANDARD OF REVIEW

¶7. Errors of law, including the proper application of the MTCA, are reviewed de novo. *Marbly v. Manuel*, 210 So. 3d 1033, 1035 (¶5) (Miss. Ct. App. 2015). Likewise, we employ a de novo standard of review to a circuit court's grant of a motion to dismiss. *Id*.

## DISCUSSION

### I. Whether the circuit court erred in granting the motions to dismiss.

¶8. The trial court granted the University's motions to dismiss, finding that neither of

---

[3] The court also denied a motion to dismiss by Tri-Star Construction, another named defendant, who is not a party to this appeal.

Keever's notice of claim letters complied with section 11-46-11(2), which provides that the following seven categories of information be included in the notice of claim:

> the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2)(iii). The circuit court determined that the notices failed to identify the amount of damages sought, Keever's residence at the time of the injury, and her residence at the time of the filing of notice. Keever contends that she complied with the statute's notice requirements and that the court "erred in failing to consider the information contained in the attachments" to her notices.

¶9. "Mississippi law requires substantial compliance with the notice provisions of the MTCA." *Marbly*, 210 So. 3d at 1036 (¶6). In *South Central Regional Medical Center v. Guffy*, 930 So. 2d 1252, 1258 (¶19) (Miss. 2006), the Mississippi Supreme Court discussed what the term "substantial compliance" entailed with regard to the notice requirements.

> The confusion has arisen in the discussion of Miss. Code Ann. § 11-46-11(2), as to how much information is required by this Court under each of the seven categories to comply with Miss. Code Ann. § 11-46-11(2). . . . In order to comply with this requirement, the notice need not disclose every single fact, figure and detail, but rather the substantial details, in order to comply with the requirements of [section] 11-46-11(2). *But, the failure to provide any of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Miss. Code Ann. § 11-46-11(2).* However, where some information in each of the seven required categories is provided, this Court must determine whether the information is "substantial" enough to be in compliance with the statute. If it is, the result is "compliance," not "substantial compliance" with the requirements under Miss. Code Ann. § 11-46-11(2).

*Id.* at 1258 (¶20) (emphasis added).[4] "The determination of substantial compliance is a legal, though fact-sensitive, question." *Fairley v. George County*, 871 So. 2d 713, 717 (¶9) (Miss. 2004).

### A. The Amount of Money Damages Sought

¶10. There was no amount of damages asserted in the notice of claim. The only amount that could have been considered as being in the notice ($2,559) was in an insurance notification provided by North Mississippi Medical Center to Keever, which specifically stated "THIS IS NOT A BILL." In her reply brief, Keever admits that the medical records "were technically not a medical bill" but claims that "they were *indicative* of Plaintiff's medical bills, which were at that time in the amount of $2,559, which accurately depicted *a portion* [*of*] *the amount* of Plaintiff's damages" when the notice was filed. (Emphasis added). Keever's counsel admitted at the July 2016 motions hearing that he "did not put in there a statutory amount" but claimed that the damages exceeded the statutory cap of $500,000.[5] As noted by the court in its order, "[a]ssuming the damages are as significant as claimed, it would be keenly important for the defendants to be properly placed on notice of

---

[4] The supreme court has since termed the above-emphasized language in *Guffy* as dictum. *Lee v. Mem'l Hosp. at Gulfport*, 989 So. 2d 1263, 1266 n.3 (Miss. 2008). *See Lane v. Miss. Dep't of Trans.*, 220 So. 3d 254, 256-57 (¶¶7-10) (Miss. Ct. App. 2017) (discussing the downgrading of *Guffy*'s pronouncements from "controlling" to "dictum"). Regardless, our courts "continue to apply a substantial compliance standard to the notice requirements under Section 11-46-11(2)." *Lee*, 989 So. 2d at 1267 (¶13).

[5] *See* Miss. Code Ann. § 11-46-15(1)(c) (Rev. 2012) (limiting liability for an MTCA action "arising from acts or omissions occurring on or after July 1, 2001," to $500,000).

5

that fact."[6]

   B.   *The Residence of the Person Making the Claim at the Time of the Injury and at the Time of Filing the Notice*

¶11.   Keever claims that the medical records "clearly displayed [her] address at the time of the injury and at the time the [n]otice was sent to the [University]." In *Lee v. Memorial Hospital at Gulfport*, 999 So. 2d 1263, 1267 (¶12) (Miss. 2008), the supreme court considered similar circumstances regarding the plaintiff's failure to comply with the MTCA notice requirements, particularly the omission of the plaintiff's residential address.

> [T]he notice of claim contained the letterhead of Lee's attorney, Lee's name, and Lee's date of birth. While Lee did not provide her residence at the time of the injury or at the time of the notice, we find the information provided to be in substantial compliance with the statutory requirements. While there may be some cases in which the claimant's residence is a critical issue, clearly it was not in this case. The address of Lee's counsel was provided, and Lee's date-of-birth and dates of hospitalization were provided for identification purposes. Clearly, [the hospital] was able to identify Lee as a patient and investigate and conduct a "review of the matter" as evidenced by its letter of denial.

*Id*. However, this Court has recently distinguished the supreme court's holding in *Lee*, specifically with regard to the omission of the plaintiff's residence:

> Lee failed to provide her address at the time of the injury or at the time she submitted her claim, but she provided ample information for "identification purposes" in the form of her date of birth and the dates of her hospitalization. *Obviously,* [*the hospital*] *was able to identify her—and review the merits of her claim—based on its own records of her treatment.*

*Lane v. Miss. Dep't of Trans.*, 220 So. 3d 254, 259 (¶18) (Miss. Ct. App. 2017) (emphasis

---

   [6] Keever's complaints also failed to state a specific request for monetary damages, simply demanding "actual damages in a sum in excess of the jurisdictional limits of this [court]; prejudgment interest, post judgment interest and all costs of this litigation."

added).  We further emphasized the *Lee* Court's clarification that "its decision 'should not be interpreted as holding that the required elements do not need to be explicitly stated in the notice of claim.'"  *Lane*, 220 So. 2d at 259 (¶19) (quoting *Lee*, 999 So. 2d at 1267 (¶13)).

¶12.    Unlike *Lee*, the defendants in this case are not Keever's hospital or medical provider "able to identify her . . . based on its own records of her treatment."  Moreover, while Keever's medical records contained an address—112 Beech Forest Court, Cary, North Carolina—they did not specify whether that address was Keever's residence or her business.[7]  Even if we could assume that the address was her residence, it was unclear whether the address was her residence at the time of her injury or at the time of notice.  To "muddy the waters" further, Keever's three complaints listed a different address, stating:  "Plaintiff, Joy Renee Keever, is an adult resident citizen of Research Triangle Park, North Carolina whose address is 2530 Meridian Parkway, Suite 300, Research Triangle Park, North Carolina 27713."

¶13.    Because Keever failed to include the amount of damages and her residence either at the time of injury or at the time of filing the notice, her notice of claim did not substantially comply with the notice provisions of the MTCA.  Thus, we find that the circuit court did not err in granting the University's motions to dismiss.

II.    **Whether the circuit court erred in dismissing Keever's claim with prejudice.**

¶14.    The other argument raised by Keever is that the court's dismissal *with prejudice* was

---

[7] Under "Employer" on the medical records, there is no employer address listed; just the state (North Carolina).

an abuse of discretion. In *Price v. Clark*, 21 So. 3d 509, 522 (¶30) (Miss. 2009), the Mississippi Supreme Court held that "a properly served complaint—albeit a complaint that is wanting of proper pre-suit notice—should still serve to toll the statute of limitations until there is a ruling from the trial court." Therefore, though "dismissal was the proper remedy" since the plaintiff "failed to comply with the requisite notice requirements" under the MTCA, the supreme court concluded that the court "erred in dismissing these defendants with prejudice, given that the complaint served to toll the statute of limitations[.]" *Id*. at 522 (¶31). Although Keever did not comply with the notice requirements of section 11-46-11(2), warranting the dismissal of her claim, because her March 7, 2014 complaint was properly filed within one year and tolled the statute of limitations, we find that the circuit court erred in dismissing the case *with prejudice*.

¶15. Accordingly, we affirm the court's dismissal of Keever's claim but modify the order to reflect that the dismissal is without prejudice.[8]

¶16. **AFFIRMED AS MODIFIED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

[8] The University has asserted an alternative argument that the circuit court's dismissal should be affirmed because Keever brought duplicative actions. This issue was not addressed in the court's order granting the motion to dismiss and is moot based on our affirmance of the dismissal on other grounds. Regardless, in granting the consolidation of the cases, the circuit court concluded that, while the multiple filings were "procedurally incorrect, [they were] not done for any nefarious reason." The University did not challenge the court's ruling in this regard.